## SUPREME COURT.

MARGARET ROBERTI agt. THOMAS CARLTON and others.

Liability for the *costs* of a former suit, shall not prevent the party from prosecuting as a *poor person* against the *same defendant.* (3 *R. S. 5th ed.* 745.)

*Held,* that this statute is applicable to a *married woman* who prosecutes as a poor person for damages for injuries to her *separate property.(a)*

Whether a married woman can sustain an action for damages for *personal injuries,* without joining her husband as *plaintiff,* although he is made a party defendant,—*quere ?*

*New - York Special Term, February,* 1860.

MOTION by plaintiff for leave to prosecute as a poor person.

LOUIS H. PIGNOLET, *for plaintiff.*

E. L. FANCHER, *for defendants.*

BONNEY, Justice. The plaintiff is a married woman, and prosecutes this action to recover damages for injuries to her separate property, and also for injuries alleged to have been sustained by reason of the negligence of the first named three defendants.

Upon a petition and papers, sufficient if she were a single woman to entitle her to the relief asked for, she now applies for leave to prosecute as a poor person, under part 3, chapter 8, title 1, of Revised Statutes. She also states that she was married to her husband in Belgium, and they afterwards came

(a) NOTE.—The petition of a poor person must show " that the applicant is not worth *twenty dollars,* excepting the wearing apparel and furniture necessary for himself and his family, and excepting the subject matter of the action, when not in possession thereof." (3 *R. S. 5th ed.* 744.) The question arises, if the *damages claimed* by a married woman for injuries to her *separate property,* of which she is presumed to be in *possession,* (as she does not claim possession), and which does not include necessary wearing apparel and household furniture, amounts to over $20—the court have any jurisdiction to entertain the action ? as she admits by her *claim* that she has property exceeding in value $20; and if less than $20 damages is claimed, the court certainly have no jurisdiction.—[REP.

to this country; that he deserted her nearly five years ago, and she has since lived separate and apart from him, and ever since their marriage has maintained herself by her own exertions; that her husband has no interest in the subject of this action, and refuses to join or be joined as a plaintiff, and has therefore been made a defendant.

The defendants, against whom damages are claimed, oppose the application on two grounds:

1st. They show that the plaintiff, together with her husband, commenced a suit in the New-York common pleas, for the same alleged causes of action, against " The Methodist Book Concern," for which these defendants are trustees, which suit is still pending; and insist that she should not be permitted to prosecute this action until that suit is discontinued, and the costs of the defendants therein paid. Numerous authorities are cited in support of this objection.

To this it is answered that the defendants in this action are not the same as in the common pleas suit; and also that the statute (2 *R. S. p.* 445, § 4,) expressly provides that liability for the costs of a former suit shall not prevent the party from prosecuting as a poor person. This objection is not sufficient to defeat the application.

2d. It is objected that the plaintiff is a married woman, and her husband must be joined with her as plaintiff. One alleged cause of action stated in the complaint is, damage to the separate property of the plaintiff, for which, by the Code, she is permitted to sue alone, (*Code*, § 114, *subdisivion* 1), and although she may not be entitled, in this action, to recover damages for the alleged injury to her person, (as to which I now express no opinion), the action may still be maintained. Plaintiff's motion for leave to prosecute as a poor person must be granted.

The defendants, Carlton & Porter, on notice and papers served, also move for an order staying plaintiff's proceedings in this action, until said suit in the common pleas be discontinued and defendants costs therein paid.

For the same reasons above stated, this motion must be denied. No costs are allowed to either party on either motion.