GUTTILLA v. ENGEL et al.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

Costs ⬙277(3)—Appeal—Actions in Forma Pauperis.

    Municipal Court Code (Laws 1915, c. 279) § 15, provides that practice in such court shall conform to that in the Supreme Court. Section 125, providing for a stay until the payment of awarded costs, is controlled by Code Civ. Proc. § 461, providing that a person given leave to sue as a pauper shall not be prevented from prosecuting the same because liable for costs of a former action against the same defendant. No motion was made by defendant to vacate an ex parte order obtained by plaintiff granting him leave to sue as a pauper. The court was not informed at the time that plaintiff had not paid costs awarded defendant in a former action. *Held*, that an order granting a stay until payment of such costs will be reversed.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1051–1053; Dec. Dig. ⬙277(3).]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Elena Guttilla against Alfred S. Engel and another, as executors and trustees under the will of Martin Engel, deceased. From an order granting a stay until the payment of costs awarded defendants in a former action, plaintiff appeals. Reversed.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Joseph A. Boccia, of New York City (Orestes S. Alacchi, of New York City, of counsel), for appellant.

Isidor Cohn, of New York City, for respondents.

GUY, J. Plaintiff appeals from an order granting a stay herein until payment of costs awarded to defendant on the dismissal of plaintiff's complaint in a former action between the same parties involving the same cause of action. Subsequent to the entry of judgment dismissing the complaint in the former action, plaintiff obtained an ex parte order granting him leave to sue as a pauper. The fact of the

·dismissal of the complaint in the former action and the nonpayment of costs awarded to defendant was not brought to the attention of the court in connection with plaintiff's motion for leave to sue as a pauper; but no motion has since been made by defendant to vacate the order on that ground.

While section 125 of the Municipal Court Code provides for a stay, without further direction of the court, until the payment of costs which have been awarded, that section must be read in conjunction with section 461 of the Code of Civil Procedure, which, not being inconsistent with the provisions of the Municipal Court Code, must be deemed a part of the Municipal Court Code. Section 15, M. C. C. Section 461 specifically provides that a person to whom leave to sue as a pauper is granted "shall not be prevented from prosecuting the same by reason of his being liable for the costs of a former action, brought by him against the same defendant." This provision of the Code is conclusive on this point. Roberti v. Carlton, 18 How. Prac. 466; Harris v. Mutual Life Ins. Co. (Sup.) 10 N. Y. Supp. 473; Young v. Nassau Elec. R. R. Co., 34 App. Div. 126, 54 N. Y. Supp. 600.

The order must therefore be reversed, and the motion denied, without costs of appeal. All concur.