## ALANSON W. BEARD *vs.* CITY OF BOSTON.

Suffolk.    November 14, 1889. — February 26, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Insane Female Convict — Support in State Lunatic Hospital —*
*" State Prison."*

The St. of 1883, c. 148, § 1, providing for the payment by the Commonwealth for the support of a " state prison convict " committed to a State lunatic hospital until the end of his sentence to the " state prison," does not apply to a female convict transferred to such a hospital from the reformatory prison for women; but the town or city in which such convict has her settlement is liable, under the Pub. Sts. c. 87, § 33, for her support.

CONTRACT on the Pub. Sts. c. 87, §§ 32, 33, brought by the Treasurer of the Commonwealth, for money paid for the support of an insane pauper in a State lunatic hospital, from February 9, 1886, to June 30, 1887. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on agreed facts, in substance as follows.

Helena Barrett, who then had a settlement in the defendant city, was on May 21, 1884, convicted of an assault with intent to murder, and sentenced by the Superior Court to the reformatory prison for women for the term of five years. While thus confined she was duly adjudged insane, and removed to the State lunatic hospital at Worcester on February 9, 1886, and her support there was paid for by the Commonwealth until June 30, 1887, her sentence not having then expired. If, upon these facts, the defendant was liable for her support, a certain sum was admitted to be due to the plaintiff.

*A. J. Bailey*, for the defendant.

*J. Brown*, for the plaintiff.

HOLMES, J. The question raised by the agreed facts is, whether a woman sentenced to the reformatory prison for women for five years, and properly removed to a State lunatic hospital, is within the St. of 1883, c. 148, § 1. That section is as follows : " When a state prison convict is committed to a State lunatic hospital, the charges for his support shall be paid by the Commonwealth until the expiration of his term of sen-

tence to the state prison." By the second section, the expenses of all persons held in prison on a charge of felony, and committed before sentence to a State lunatic hospital, under the Pub. Sts. c. 213, §§ 15, 30, and c. 214, §§ 16, 19, 20, shall be paid by the Commonwealth.

It is argued for the defendant, that the general object of the statute plainly is that those who are a charge upon the Commonwealth by reason of their sentence shall not be put back upon the city or town of their settlement because of their insanity. See Pub. Sts. c. 87, § 33 ; *Smith* v. *Lee*, 12 Allen, 510. Women, it is said, when convicted of any offence for which men would be sent to the state prison, cannot be sent there, but may be sent to the State reformatory prison for women. Pub. Sts. c. 215, § 15. This is none the less a prison that it is called a reformatory ; it is a state prison, and the charge of supporting the inmates falls upon the Commonwealth. Therefore it is concluded that it would be irrational to take the words " state prison " in § 1 of the statute of 1883 in their narrowest sense, and thus to make the question between State and town depend upon sex in the case of convicts, when there is no such distinction before sentence under § 2, and when there can be no difference in point of policy.

We have been impressed by these considerations, but we are of opinion that they are outweighed by the arguments on the other side. In the first place, there is the greatest difficulty in escaping from the words of § 1. " State prison " is habitually used in our legislation as a proper name. For instance, in the Pub. Sts. c. 221, the state prison is mentioned alongside of the reformatory prison for women, and the latter is mentioned in antithesis to the former in the Pub. Sts. c. 215, § 15, already cited. In the section which we have to construe, " state prison " is not used merely as an adjective, but it is referred to explicitly as an individual thing, — " until the expiration of his term of sentence to the state prison." " State prison convict " too, we think, would not be understood by people generally to designate women in the State reformatory prison.

Legislation is often tentative, beginning with the most obvious case, and not going beyond it, or to the full length of the principle upon which its act must be justified. In laws about

settlement and analogous questions, which are matters of arbitrary statute, it would be very unsafe to extend the written words beyond their fair meaning.

In the next place, women in the reformatory prison do not correspond exactly to men in the state prison. If they did, the argument for the defendant would be stronger. The Legislature seems to have had in mind cases of felony. A man cannot be sent to the state prison except for a felony. His offence is a felony from the very fact that he may be sent there. Pub. Sts. c. 210, § 1. But a woman may be sent to the reformatory prison for an offence punishable by imprisonment in a jail, house of correction, or house of industry. Pub. Sts. c. 215, § 14.

The offence in the present case, to be sure, was a felony. But that does not matter. We must read the act as embracing all female convicts sent to the reformatory prison, or none of them. We cannot read it as meaning all persons convicted of a felony. If it had meant that, it would have said it. The result of the defendant's construction would be, that, while the State was only bound to pay the expenses of insane felons in the case of men, it would have to pay for women who were sent to the reformatory prison for an assault and battery, under the Pub. Sts. c. 154, § 18, or for concealing the death of their issue, under c. 207, § 11, or for keeping a house of ill fame, under § 13; see also § 29. This might be reasonable enough. But as different considerations may determine a woman's being sent to the reformatory prison from those which require a man to be sent to the state prison, so different considerations may have been thought to govern the question who should pay for her support when she leaves the prison for a lunatic hospital. We think it safer to take the words as we find them in their ordinary and literal sense.

*Judgment for the plaintiff.*