particulars again, it appears that the defendant, in his verified statement, makes no claim that he ever paid the sum of $75 at any time. There were various other discrepancies in the testimony of the witnesses, of which the foregoing are simply illustrations.

Upon the close of the testimony, a motion was made by the defendant that the court order a verdict, upon the ground that the payment had been proved by the testimony of unimpeached witnesses; and the court, upon that ground, ordered a verdict, against the protest and exception of the plaintiff's counsel. In this action, we think, the court erred. While it is quite true that both court and jury are bound by the testimony of unimpeached and credible witnesses, which is uncontradicted, yet, to raise a question for the jury, it is not necessary that the testimony should be contradicted by the affirmative testimony of other witnesses. The circumstances under which the evidence is given, the relation of the witnesses to the party in whose behalf they testify, and the nature of the facts to which they testify, may be such as to not only warrant, but require, the court to send the case to the jury, although there may be no witnesses testifying upon the other side. Especially is this likely to be the case where the evidence given is evidence of declarations and admissions alleged to have been made by one who is dead, and who therefore cannot contradict them. Oral admissions are, at the best, but an unsatisfactory kind of evidence, and the case is a rare one in which such admissions should be adopted by the court as representing the precise truth of the case. The case at bar is not one of those cases. The questions presented here should have been sent to the jury, and, for the error of the court in refusing to do that, the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

(9 App. Div. 607.)

### FEIER v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. November 6, 1896.)

COSTS—SUITS BY PAUPER INFANTS.

　　The right of an infant to sue as a poor person (Code Civ. Proc. § 458) cannot be denied because the guardian ad litem is a responsible person. Van Brunt, P. J., and Rumsey, J., dissenting.

Appeal from special term, New York county.

Action by Augusta Feier, an infant, by Harry Levy, her guardian ad litem, against the Third Avenue Railroad Company, for personal injuries. From an order denying a motion for leave to prosecute as a poor person, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Charles G. F. Wahle, for appellant.
F. H. Knight, for respondent.

BARRETT, J. The plaintiff's papers are in strict accordance with the provisions of sections 458 and 459 of the Code of Civil Procedure.

She could say no more to invoke judicial action than she has said in these papers. No more could well be said. The defendants filed no affidavits in opposition. If, therefore, her motion was properly denied, it is difficult to conceive of a case where an infant pauper may avail herself of the law which was expressly enacted for the benefit of her class. Prior to the amendment of 1891 there was a conflict of judicial opinion with regard to the right of infant paupers to sue as poor persons. In some cases it was held that, where an infant sues by guardian ad litem, security for costs being a statutory right, the court had no power to destroy it by allowing the guardian to sue as a poor person. These cases were subsequently overruled. But it was to settle these and all other questions upon the subject that the amendment of 1891 was enacted. That amendment consisted of the insertion in section 458 of the words, "whether an adult or infant," and of the provision in section 459 that, where the applicant is an infant under the age of 14 years, the petition must be verified by his guardian appointed in the action. Now, as an infant, whether under or over 14 years of age, cannot apply until a guardian ad litem is appointed (In re Byrne, 1 Edw. Ch. 41; Glasberg v. Railroad Co., 12 Civ. Proc R. 50, per Patterson, J.), and as such guardian ad litem must, under the general rules of practice, be a competent and responsible person, the statute is practically abrogated if the competency and responsibility of the guardian constitute a complete answer to the application. The infant here says, without a word of denial, that she has no means whatever, that she has a good cause of action against the defendant, and that she is a hired domestic in her guardian's service. What was the court's answer? It was this: "Though you are an infant pauper, you shall not have the benefit of the statute, because you have a responsible guardian. This responsible guardian you had to secure before you commenced your action. Having secured him, you are no longer within the statute, or, rather, it is no abuse of discretion to deny your petition." This reasoning seems to me practically to nullify the amendment, and to leave infant paupers in quite as unfortunate a position as they were in before the legislature sought to help them.

The order appealed from should be reversed, with $10 costs and the disbursements of the appeal, and the motion for leave to sue in forma pauperis granted.

WILLIAMS and PATTERSON, JJ., concur.

RUMSEY, J. (dissenting). Motions of this kind are addressed entirely to the discretion of the court, and they are not to be granted unless a state of affairs is shown to exist in which justice requires it. They are not to be encouraged. A person asking for them seeks to get a privilege and exemption from the common rule, and, unless good reason is shown why he should have it, his application should be denied. Moore v. Cooley, 2 Hill, 412; Isnard v. Cazeaux, 1 Paige, 39. One is authorized to prosecute as a poor person to avoid a failure of justice, because he makes it appear to the court that, if he were not so authorized, he would be unable to maintain his action. Nothing

of that sort has been made to appear here. The plaintiff's papers show that she has already commenced the action, and that she has procured a competent person, responsible for costs, to act as her guardian ad litem. There is no danger of any failure of justice because of a denial of this motion. The guardian, having accepted his trust, will be compelled to perform it.

The court properly exercised its discretion in denying the motion, and the order should be affirmed, with $10 costs and disbursements.

VAN BRUNT, P. J., concurs.