Here was a contract proven. There was no question as to its breach; neither was there any doubt that the plaintiff had sustained considerable pecuniary injury in consequence thereof. In these circumstances, the learned trial justice, after calling attention to the subject-matter of the contract, its conditions, and the consequences which resulted from its breach, permitted the jury to say what was its actual value to the party injured. This, it seems to us, was a reasonable and proper rule to adopt. It enabled the jury to speculate somewhat as to the amount of damages to which the plaintiff was entitled, but it appears to be now well settled that a party shall not be permitted to escape all liability for violating a contract simply because his liability cannot be accurately determined in dollars and cents. Wakeman v. Manufacturing Co., 101 N. Y. 205, 4 N. E. 264. Our conclusion of the whole matter is that the action can be maintained; that it was tried upon the correct theory; that the record discloses no reversible error; and, consequently, that the judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur, except GREEN, J., dissenting.

## ROSA v. SECOND AVE. R. CO.

(Supreme Court, Appellate Division, First Department.   August 4, 1897.)

1. Costs—Action in Forma Pauperis—Ex Parte Order.
    An ex parte order granting leave to sue as a poor person, if made on petition fully complying with the statute, cannot be vacated unless it appears that material facts were misstated or suppressed.
2. Same—Costs of Former Suit.
    Where leave has been granted to sue as a poor person, an order staying proceedings till the payment of costs adjudged against plaintiff in a former suit between the same parties, and requiring him to give security for costs of the pending suit, is erroneous.

Appeal from special term, New York county.

Action by Michael Rosa, an infant, by Lucietta Rosa, his guardian ad litem, against the Second Avenue Railroad Company. From an order vacating an ex parte order allowing plaintiff to sue as a poor person, staying proceedings till the payment of costs previously adjudged against him, and requiring him to furnish security for costs, said plaintiff appeals. Reversed.

Argued before RUMSEY, WILLIAMS, PATTERSON, O'BRIEN, and PARKER, JJ.

Benjamin Patterson, for appellant.
Charles C. Nott, Jr., for respondent.

PER CURIAM. The petition presented to Justice Pryor upon the application of the plaintiff for leave to prosecute as a poor person fully complied with the requirements of the statute, and for that reason it was proper to grant the application. Feier v. Railroad Co., 9 App. Div. 607, 41 N. Y. Supp. 821. It was not proper to set aside the order granting that permission unless it was made to ap-

pear either that some material facts were misstated, or that facts were suppressed which, if considered, should have required the court to refuse leave to prosecute as a poor person. No such condition of affairs is made to appear. If all the facts shown by this record had been made to appear to the justice to whom the application for leave to prosecute as a poor person was made, he would have known that certain costs of a former action adjudged to be paid by the plaintiff to the defendant had not been paid. But that fact was not sufficient to prevent the plaintiff from prosecuting this action. For that reason it was not proper to vacate that order. So long as that order stood, the remainder of the order, staying the plaintiff's proceedings until the payment of those costs, and requiring the plaintiff to give security for costs of this action, was clearly improper. For that reason the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.