(25 App. Div. 185.)

## DAUS v. NUSSBERGER.

(Supreme Court, Appellate Division, First Department. January 21, 1898.)

1. Costs—Prosecution as Poor Person—Application.

On an application by a plaintiff, suing as administratrix, for leave to prosecute as a poor person, a petition alleging her individual lack of means, but containing no allegation as to the condition of the estate, furnishes no justification for the granting of the order. Code Civ. Proc. § 459.

2. Same—Consent of Attorney.

In all cases where an application is made to prosecute as a poor person, it is the better practice to file, with the moving papers, the consent of the attorney assigned, under Code Civ. Proc. § 460, to prosecute without compensation, and also to have a provision that he shall act without compensation incorporated in the order.

Appeal from special term.

Action by Anna Daus, as administratrix of Eugene Fanchon, deceased, against Marc Nussberger. From an order admitting plaintiff to prosecute as a poor person, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

F. Barker, for appellant.

L. W. Hamberger, for respondent.

VAN BRUNT, P. J. This action was brought by the plaintiff, as an administratrix, to recover damages caused by the death of her intestate, alleged to have been due to the negligence of the defendant. The plaintiff moved upon her own petition, setting up her appointment as administratrix, and, among other things, alleging that she was a married woman, and was not worth the sum of $100 besides her wearing apparel and the subject-matter of this action, and that she had no means whatever to defray the necessary expenses in the prosecution of this action. There was no allegation whatever contained in the petition as to the condition of the estate of which she was administratrix. It is clear that under this condition of proof there was no evidence before the court which justified it in making the order appealed from.

Furthermore, there was nothing in the order assigning any counsel to prosecute the action, as required by section 460 of the Code of Civil Procedure; nor was there any provision that such counsel should act therein without compensation, as is also required by the section. In all cases where an application is made for an order admitting a party to prosecute as a poor person, it would seem to be the better practice to file the consent of the attorney assigned to prosecute without compensation with the moving papers, and also to have a provision that he shall act without compensation incorporated in the order.

For the reasons above stated, the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.