MARY I. YOUNG, as Administratrix, etc., of ROBERT YOUNG, Deceased, Appellant, *v.* NASSAU ELECTRIC RAILROAD COMPANY, Respondent.

*Leave to sue as a poor person — petition establishing a* prima facie *case — effect of a decision adverse to the plaintiff in a previous action for the same cause.*

A petition, on an application for an order authorizing the petitioner to sue *in forma pauperis,* which alleges the facts upon which the action is to be based, and the poverty of the petitioner, establishes a *prima facie* case for the granting of the order.

On an application by the defendant, in such an action, for the vacation of such an order, the court may properly consider, as bearing upon the merits of the plaintiff's right to sue *in forma pauperis,* the fact that in a previous action for the same cause there have been two trials, the first ending in a disagreement of the jury, and the second in a dismissal of the complaint at the close of the plaintiff's case, upon which a judgment was subsequently entered for costs, which the plaintiff has not paid.

APPEAL by the plaintiff, Mary I. Young, as administratrix, etc., of Robert Young, deceased, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 12th day of September, 1898, vacating an order permitting the plaintiff to sue *in forma pauperis.*

*John A. Straley,* for the appellant.

*Frederick S. Martyn,* for the respondent.

GOODRICH, P. J.:

The plaintiff had previously brought an action against the defendant for the same cause as is alleged in the complaint herein. There had been two trials of such former action, the first ending in a dis-

agreement of the jury, and the second in a dismissal of the complaint at the close of the plaintiff's case, upon which a judgment for costs was subsequently entered. The plaintiff thereafter commenced the present action and obtained an order to sue as a poor person. The defendant moved to set aside such order, and such motion was granted, and from the order entered thereon the plaintiff appeals.

The Code of Civil Procedure (§§ 460, 461) authorizes an order permitting a plaintiff to sue as a poor person, where the court is satisfied of the truth of the facts alleged in the petition, and provides that when such an order is made the plaintiff shall not be prevented from the prosecution of the action by reason of his liability for the costs of a former action. Here is a plain requirement of the exercise of judicial discretion in granting an order to sue as a poor person, and if the court was possessed of sufficient facts to justify the use of its discretion, we may not interfere.

The petition upon which the order to sue as a poor person was granted *ex parte* simply alleged the facts upon which the action was to be based and the poverty of the plaintiff. This made out a *prima facie* case which was sufficient to authorize the granting of the order. But it was essential that the plaintiff should have a meritorious cause of action. If she had such cause of action, the statute is explicit that the fact that she had not paid the costs recovered against her on a previous suit shall not preclude her from maintaining the present action; still the adverse result of the previous action was properly to be considered on the merits of her right to sue as a poor person. The court was called upon to exercise discretion just the same as it was called to do upon the original motion, and as such discretion was exercised fairly, we see no reason for the present appeal.

The order must be affirmed, with ten dollars costs.

All concurred.

Order affirmed, with ten dollars costs and disbursements.