WEINSTEIN v. SCHNEPP et al.

(Supreme Court, Appellate Division, First Department. December 31, 1900.)

1. COSTS—SUING AS POOR PERSON.

Where a petitioner applies to sue as a poor person, he must show that he is so situated that he will be unable, on account of his poverty, to present his cause to the court unless the order is granted.

2. SAME—GOOD CAUSE OF ACTION—ADVICE OF COUNSEL.

An application for an order to sue as a poor person, which showed counsel's advice that petitioner had a good cause of action, but did not set forth facts sufficient to satisfy the court thereon independent of this advice, should have been overruled.

Appeal from special term, New York county.

Action by Max Weinstein, an infant, by Samuel Weinstein, guardian, etc., against Nicholas Schnepp, impleaded, etc. From an order

vacating order for security for costs, and granting leave to sue as a poor person, defendant Schnepp appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

William G. Wright, for appellants.

Jacob Manheim, for respondent.

PER CURIAM. A proper case was not made out for granting an order for leave to sue as a poor person. Such an order is a discretionary one, and is intended to permit persons to bring suit who would be without remedy if they were to be compelled to pay the ordinary disbursements of an action, because, on account of poverty, they would be unable to meet the same. It is not every person who does not own $100 of property that is entitled to the order, but only those who otherwise would be unable to prosecute their action. If the rule which has obtained in the granting of the order to sue as a poor person in this action was followed, then every infant would be entitled, as a matter of right, to the order. In order to entitle the party to this order, it must appear that the petitioner is so situated that he will be unable to present his cause to the court unless the order is granted. This is evident from the fact that the court is required to assign an attorney and counsel to prosecute the action, who must act without compensation. The recovery of the infant cannot be charged with any of the expenses of the action or its prosecution. This provision seems to have been thought a safeguard against the prosecution of speculative claims under the shelter of these orders. In order to make this provision effective, it should also be made to appear that the guardian of the infant or the poor person is fully aware of the condition of the order as to compensation, and that nothing is to be paid as compensation to attorney or counsel; that all such services are to be rendered gratuitously.

Furthermore, the papers upon which the order was granted are deficient in not showing to the court that the petitioner had a good cause of action. Mere advice of counsel, although a certificate of counsel to that effect is required, is entirely insufficient for that purpose. The court must, among other things, be satisfied that the applicant has a good cause of action. The court can only be satisfied of this fact when the applicant sets forth facts upon which it may base its satisfaction. The mere opinion of an attorney is no evidence upon which the court can arrive at a conclusion.

The order appealed from, so far as it allows the plaintiff to sue as a poor person, should be reversed, without costs, and motion denied.