(64 App. Div. 497.)

KERRIGAN v. LANGSTAFF.

(Supreme Court, Appellate Division, Second Department. October 11, 1901.)

ACTION—POOR PERSON—PETITION—MINOR—GUARDIAN AD LITEM.

Under Code Civ. Proc. § 458, providing that a poor person may apply by petition to the court for leave to prosecute as a poor person, and section 459 providing that if the applicant is a minor under 14 years the petition shall be verified by the affidavit of his guardian appointed in the action, an order granting leave to sue as a poor person, issued on the petition of the proposed guardian but verified before his appointment and before the action is commenced, is unauthorized.

Appeal from special term, Kings county.

Action by William Kerrigan, Jr., an infant, by William Kerrigan his guardian ad litem, against Lewis G. Langstaff. From an order denying defendant's motion to set aside so much of the order appointing the guardian ad litem as granted leave to plaintiff to prosecute as a poor person, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, JENKS, HIRSCHBERG, and SEWELL, JJ.

William D. Gaillard, for appellant.

Robert Stewart, for respondent.

SEWELL, J. The plaintiff is an infant under the age of 14 years, and the application and petition were made by William Kerrigan, his father. The petition sets forth the age of the infant, and on information and belief the cause of the action intended to be brought; that the petitioner is desirous that an action be brought for the benefit and on behalf of the infant to recover damages for personal injuries from negligence; that the petitioner is willing to become guardian ad litem of said infant, and financially responsible; that petitioner desires to commence an action in behalf of the infant, "when appointed guardian ad litem, for that purpose, but cannot do so unless said infant be permitted to sue as a poor person." It also states that the infant has no property of any kind, and asks "that he may be appointed guardian ad litem for such infant, to prosecute said action, and that leave be granted to said infant to sue as a poor person, and that the court assign to him an attorney and counsel for that purpose." Upon the petition, verified by the father on February 21, 1901, supported by a certificate of a counselor at law, to the effect that he had examined the case, and was of opinion that the infant had a good cause of action, the court to which it was presented on February 23d made an order appointing William Kerrigan, the petitioner, guardian ad litem of the infant, and further "ordered that the said infant, William Kerrigan, Jr., be, and he hereby is, granted leave to bring, through said guardian ad litem, the said action mentioned in the annexed petition, as a poor person, and Robert Stewart, attorney and counselor at law, is hereby appointed his attorney and counsel for that purpose."

Section 458 of the Code of Civil Procedure, under which the application was made, provides that "a poor person, whether an adult or infant, not being of ability to sue, who alleges that he has a cause of action against another person, may apply by petition to the court in which the action is pending, or in which it is intended to be brought, for leave to prosecute as a poor person." Section 459 provides that the petition "must be verified by the applicant's affidavit, unless the applicant is an infant under the age of fourteen years, and in that case by the affidavit of his guardian appointed in said action."

It is plain from these provisions that only the "poor person" has the legal right to move the court for such an order unless he is an infant, and in that case no one can apply in his behalf until his guardian ad litem has been appointed. The statute is also explicit that it is the guardian ad litem appointed in the action, and not the person to be appointed such guardian, who must verify the petition by his affidavit in case the infant is under the age of 14 years. In re Byrne, 1 Edw. Ch. 41; Glasberg v. Railroad Co., 12 Civ. Proc. R. 50; Feier v. Railroad Co., 9 App. Div. 607, 41 N. Y. Supp. 821. If the legislature had intended that the petition should be verified before the

appointment of a guardian, or by a person other than the one actually appointed such guardian, it is to be presumed that it would have so provided in definite and certain language. It certainly would not have provided that it "must be verified  *  *  *  by the affidavit of his guardian appointed in said action."

It follows that the petition upon which the order permitting the plaintiff to prosecute as a poor person was not sufficient to justify the court in making the order, that the order appealed from should be reversed, and the order for leave to prosecute in forma pauperis vacated and set aside, without costs. All concur.