CHARLOTTE MULLER, by INGLE CARPENTER, her Guardian ad Litem, Respondent, *v.* HARRY BAMMANN, by JOHN FREDERICK BAMMANN, his Guardian ad Litem, Appellant.

*Suit by an infant in* forma pauperis — *pecuniary ability of the guardian.*

Where an action is brought by an infant through a guardian *ad litem,* the infant will not be denied leave to prosecute the action as a poor person simply beeause the guardian *ad litem* is possessed of sufficient means to pay the expenses of the action unless it appears that such guardian *ad litem* is a parent of the infant.

*Rutkowsky* v. *Cohen* (74 App. Div. 415) explained.

APPEAL by the defendant, Harry Bammann, by John Frederick Bammann, his guardian ad litem, from an order of the Supreme Court, made at the New York Special Term, bearing date the 7th day of October, 1902, and entered in the office of the clerk of the county of New York, denying the defendant's motion to compel the plaintiff to furnish security for costs, and granting the plaintiff leave to prosecute the action as a poor person.

*Edwin F. Stern,* for the appellant.

*Ingle Carpenter,* for the respondent.

HATCH, J. :

Under date of September 5, 1902, Ingle Carpenter was appointed guardian *ad litem* of Charlotte Muller, an infant under the age of fourteen years, and qualified as such guardian. On September

sixth an *ex parte* order was granted by the court allowing the plaintiff to sue as a poor person. Thereafter the summons was served on the defendant, who appeared in the action by his guardian *ad litem* and made a motion to vacate and set aside the last-named order. This motion was granted, with leave to the plaintiff to renew the application. Subsequently, a motion was made upon notice to the defendant for leave to sue as a poor person, and a hearing was had thereon, at which time the defendant also moved the court for an order requiring the plaintiff to give security for costs. This application resulted in an order authorizing the infant, Charlotte Muller, to prosecute the action as a poor person, and counsel was assigned for the prosecution thereof. The defendant's motion to compel plaintiff to file security for costs was denied. From this order the defendant appeals.

It is not claimed but that the papers upon which the application was made conformed in all respects to the provisions of the Code regarding such practice (§ 458 *et seq.*), or but that the averments contained therein were sufficient to authorize the court to exercise its discretion upon the application. Whether so claimed or not, the proof is sufficient for such purpose. Under such circumstances, the order authorizing the prosecution of the action as a poor person was properly granted. (*Feier* v. *Third Ave. R. R. Co.*, 9 App. Div. 607.) It is said, however, that this court laid down an entirely different rule in *Rutkowsky* v. *Cohen* (74 App. Div. 415) and that under this authority the application should have been denied. It is not to be controverted that there is ground furnished by the latter decision for this contention. In the opinion which was handed down upon the decision of that appeal it was made to appear that the guardian had shown himself to be responsible upon his application to be appointed as such, and that, therefore, the application for leave to prosecute might have been properly denied unless it was made to appear that such guardian did not have, at the time the application was made for leave to prosecute as a poor person, money or property sufficient to give security for costs. The opinion refers to the guardian exclusively, and is most unfortunate in this respect, for the reason that it was not the intention of the court to determine that when the guardian was possessed of sufficient means an order for leave to prosecute as a poor person would be denied. Such a

conclusion would be in direct conflict with the decision in the *Feier Case* (*supra*), and would nullify the provisions of the Code authorizing an order to sue as a poor person in a case of infancy, for, upon such application, the person proposed as guardian must show that he is responsible, and until such guardian be appointed an infant cannot move at all. So that, under such rule, in all cases security would be required to be filed for costs, and this would result in the denial of the application of an infant to sue as a poor person in every case. In the *Rutkowsky Case* (*supra*) the parent of the infant was also her guardian *ad litem*, and the view which the court took was that, when the parent was possessed of sufficient means to furnish the security required, the court would deny the application; and as in that case it appeared that the parent was possessed of means sufficient for such purpose, and the affidavits failed to disclose that he was not so possessed of money or property sufficient for that purpose at the time when the application was made, the motion would be denied. He was referred to in the opinion as the guardian, but the rule in fact was not made applicable to him in such capacity, but in his relation as parent. The case, therefore, upon the record, however misleading may be the opinion, does not furnish a conflict of authority with the *Feier Case* (*supra*), nor did the former case finally go upon such ground. The order was reversed, for the reason that the consent of the attorneys to prosecute without compensation was not made a provision of the order as required by the Code, and for this reason the order was refused. The case will be an exceptional one in which an infant will be allowed to sue as a poor person, where the parents of such infant are responsible and able to furnish security. The *Rutkowsky Case* (*supra*) simply made application of such proposition. In the present case the papers are sufficient in form and in substance, and the order which was made was, therefore, proper and should be affirmed, with costs.

Van Brunt, P. J., O'Brien, Ingraham and McLaughlin, JJ., concurred.

Order affirmed, with costs.