(74 App. Div. 415.)

RUTKOWSKY v. COHEN et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. LEAVE TO SUE AS A POOR PERSON—AFFIDAVIT—SUFFICIENCY.

Where, on commencement of an action, the affidavit of plaintiff's guardian ad litem stated that he was worth a sum sufficient to have enabled him to comply with a subsequent order requiring security for costs, leave to sue as a poor person should not be granted on an affidavit stating that the guardian has been unable to obtain the execution of a bond or an advance of money, and that he knows of no source from which he can obtain it, but not specifically stating that he himself has not sufficient money or property.

2. SAME—ORDER—REQUISITES.

Under Code Civ. Proc. § 460, providing that an order granting permission to sue as a poor person shall state that applicant's attorneys will prosecute the action without compensation, an order failing to so state is fatally defective.

Appeal from special term, New York county.

Action by Bessie Rutkowsky, by Simon Rutkowsky, her guardian ad litem, against Abraham Cohen and another. From an order permitting plaintiff to prosecute the action as a poor person, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Edwin T. Taliafero, for appellants.
Harry M. Marks, for respondent.

HATCH, J. The complaint in this action, which forms a part of the moving papers, states a cause of action against the defendants; and the other papers in support of the application in form are sufficient, except as hereinafter noted. At the time when the action was commenced the guardian for the infant plaintiff made affidavit that he was worth the sum of $250 over and above all his debts and liabilities, exclusive of property exempt by law from levy and sale under an execution. The guardian, therefore, established by this affidavit that he was worth a sum sufficient to have enabled him to comply with the order requiring security to be given for costs. In the guardian's affidavit upon this application he nowhere states that he is not still possessed of this property, or but that he has the money which he might deposit. In this respect his statement is that he has inquired among friends, relatives, and other persons to procure an advance of the money, or the execution of an undertaking, as required by the order, and that he has been unable to procure either the money or the undertaking; but he does not say that he has not got the property or the money, unless it may be inferred from the statement that he knows of no other source from which he can obtain the same. The affidavit of the guardian, in view of his former statement when he was appointed, should have shown that he was unable out of his own means to comply with the terms of the order requiring security. If there were no other defects in this proceeding, it would be possible to infer from the statements made that such was the fact, although not stated in express terms.

The order in the case, however, is defective. It fails to state that the attorney for the plaintiff will prosecute the action without compensation. A consent to so prosecute the action is filed by the attorneys, and appears in the moving papers; but this is not sufficient, as section 460 of the Code of Civil Procedure requires that the order contain such provision. Daus v. Nussberger, 25 App. Div. 185, 49 N. Y. Supp. 291. For these reasons, the order should be reversed, but without prejudice to the plaintiff's renewal of the application.

Order reversed, and motion denied, without prejudice to the plaintiff's renewal of the application.

O'BRIEN and McLAUGHLIN, JJ., concur. VAN BRUNT, P. J., and INGRAHAM, J., concur in the reversal, and are of opinion that the order should be reversed, and the motion denied.