---

(87 App. Div. 160.)

### PERLMUTTER v. STERN et al.

(Supreme Court, Appellate Division, First Department. October 23, 1903.)

1. INFANTS—RIGHT TO SUE AS A POOR PERSON—GUARDIAN AD LITEM—APPOINTMENT—FINANCIAL RESPONSIBILITY OF GUARDIAN.

Where at the time of the appointment of an infant's father as his guardian ad litem he stated that he was worth the sum of $250 over and above all liabilities, which was invested in a candy business, and subject to execution, but thereafter, on the infant's motion to be permitted to sue as a poor person, the guardian testified that his circumstances had changed, and that he was not worth more than $100, and was employed as a tailor at $12 per week, all of which was necessary for the support of himself and family, and the complaint stated a good cause of action, an order granting the application to sue as a poor person was proper.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by William Perlmutter, an infant, by guardian ad litem, against Aaron Stern and others. From an order granting plaintiff's motion for leave to sue as a poor person, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Carl S. Petrasch, for appellants.
Henry Waldman, for respondent.

PATTERSON, J. This is an appeal from an order allowing the infant plaintiff to sue as a poor person. Several objections are urged to the maintenance of the order. It is only necessary to consider one of them.

The father of the infant was appointed guardian ad litem, and in his petition for appointment he stated that he was worth the sum of $250 over and above all liabilities, which money was invested in a small candy business, from which he supported his family; but he added that the business was seizable under an execution. It was held in Rutkowsky v. Cohen, 74 App. Div. 415, 77 N. Y. Supp. 546, that when it is made to appear, upon an application for appointment of a guard-

ian ad litem for an infant plaintiff, that the proposed guardian is worth the sum of $250, he may be compelled to comply with an order requiring security to be given for costs; and from that it would follow that the plaintiff in that case should not be allowed to sue as a poor person. Also, it was stated in Muller v. Bammann, 77 App. Div. 212, 78 N. Y. Supp. 1022, that it must be an exceptional case in which an infant will be allowed to sue as a poor person, where his parent is the guardian, and is able to give security. We have no disposition to relax in any way the rule announced in the cases above cited. It was made to prevent the glaring injustice which is often sought to be perpetrated upon defendants in unmeritorious and speculative actions for alleged negligence. However, there is an exception to the rule. Where it appears that there is a meritorious cause of action alleged, or where nothing to the contrary appears, and the circumstances of the parent of the infant have changed, so that he cannot bear the expenses of an action, the court, in its discretion, may allow the suit to be continued in forma pauperis. Here the guardian ad litem swears that at the time this motion was made his circumstances had changed. He swears that he is now not worth the sum of $100 besides household furniture and wearing apparel necessary for himself and family; that he is employed as a tailor, and earns about $12 per week, all of which is necessary for the support of himself and family. The court below was doubtless impressed with the truth of this statement. It was satisfied, from the averments of the petition, that a good cause of action existed; extracts from the complaint being incorporated in the petition upon which the order was granted.

We see no reason for interfering with the discretion of the court below as exercised in this particular case.

The order should be affirmed, with $10 costs and disbursements.

O'BRIEN and HATCH, JJ., concur.    LAUGHLIN, J., concurs in result.

VAN BRUNT, P. J. I dissent from the conclusion arrived at by the court upon this appeal. It seems to me that by the decision which it proposes to make the court is setting its stamp of approval upon the fraud which was practiced upon the court at the time that this petitioner was appointed guardian ad litem. On the 22d day of January, 1903, the petitioner was appointed guardian ad litem of an infant under the age of 14 years, and in order to obtain such appointment he must have presented proof to the court, pursuant to the requirements of rule 49 of the general rules of practice, that he was of sufficient ability to answer to the infant for any damage which might be sustained by his negligence or misconduct in the defense or prosecution of the suit. On the 30th of March, 1903, an order was entered requiring the plaintiff to file security for costs in the sum of $250. On the 6th of April, 1903, an order to show cause was obtained by the plaintiff why the order for security should not be vacated, and plaintiff allowed to sue as a poor person; and in the petition in support of the motion the petitioner swore that he was worth the sum of $250 over and above all his liabilities, which money was invested in a small

candy business, and from which the petitioner supports his family, but that said business is seizable under an execution, etc. This motion of the petitioner having been denied, he renewed his motion, making an affidavit, verified on the 25th day of April, 1903, in which he swears that he is not worth the sum of $100 besides household furniture and wearing apparel necessary for himself and family; that he is employed as a tailor, and earns about $12 a week, all of which is necessary for the support of himself and family, and he is further unable to prosecute this action, unless he is admitted to do so as a poor person. Now it is perfectly apparent that in these affidavits the petitioner has sworn to what was manifestly untrue. In his affidavit of April 6th, which was filed with the order to show cause on April 15th, he swears that he is worth $250 over and above all his debts and liabilities, and that he is engaged in the candy business; and on the 25th of April he swears that he is not worth $100, and is a poor tailor. It it perfectly evident from these facts that the petitioner was willing to swear to anything that he thought was necessary to secure the order for which he was applying. It is apparent that the appointment of such a person, if his last affidavit is true, was entirely improper, and that the statements which he must have made in his application to be appointed guardian, that he was of sufficient ability to answer to the infant for any damage, etc., must have been untrue. So his statements on the 15th of April that he was worth $250 over and above all his debts and liabilities, and that he was engaged in the candy business, must have been equally false, if the statements contained in the last petition, that he is not worth $100, and is a poor tailor, are to be taken as true. And yet the court allows such a person, after having perpetrated this fraud upon the court, to sue as a poor person. Certainly this is giving fraud and misrepresentation and falsehood a reward.

The order should be reversed.

