## COHEN v. HAUTCHAROW.

(Supreme Court, Appellate Term. November 6, 1903.)

1. LEAVE TO SUE AS POOR PERSON—PETITION—SUFFICIENCY.
    Under Code Civ. Proc. §§ 458, 459, providing that a petition for leave to sue as a poor person must be made by the poor person, except that in case of an infant, it may be verified by the guardian, a petition made by the father of an infant, and verified by him as the petitioner, is insufficient.

2. SAME—CONTRADICTORY ALLEGATIONS.
    A petition by an infant for leave to sue as a poor person was verified by his father, who swore that he was not worth the sum of $100, except his wearing apparel and the subject-matter of the action, while upon application for appointment as guardian at litem, 11 days prior thereto, he had sworn that he was worth the sum of $250 over all debts and liabilities. There was no explanation as to this change in circumstances. *Held*, that the petition was insufficient.

Appeal from City Court of New York.

Action by Abraham Cohen, by his guardian ad litem, against Joseph Hautcharow. From an order vacating an order directing the plaintiff to file security for costs and permitting him to sue as a poor person, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Nathan & Carrere (Edwin A. Jones, of counsel), for appellant.
Max Schenkman (Edward A. Brown, of counsel), for respondent.

FREEDMAN, P. J. It is beyond question that an infant suing by a guardian ad litem may be permitted to sue in forma pauperis (Feier v. 3rd Ave. R. R. Co., 9 App. Div. 607, 41 N. Y. Supp. 821), and the question whether he should not be permitted so to do is not to be determined by the responsibility of the guardian (Muller v. Bammann, 77 App. Div. 212, 78 N. Y. Supp. 1022), unless it appears that such guardian ad litem is a parent of the infant (Rutkowsky v. Cohen, 74

App. Div. 415, 77 N. Y. Supp. 546, as explained in Muller v. Bammann, supra). But the papers upon which the order granting permission may be made must be sufficient in form and substance within the rule laid down in Weinstein v. Frank, 56 App. Div. 275, 67 N. Y. Supp. 746. In the case at bar the papers upon which the order was made were wholly insufficient. Under section 458 of the Code of Civil Procedure the petition must be made by the poor person, although in the case of an infant it may, under section 459, be verified by the guardian. In the case at bar the petition was not made by the infant, but by Morris Cohen, his father, and verified by him as the petitioner. Another objection is that Morris Cohen, upon his application for his appointment as guardian ad litem, had sworn that he was worth the sum of $250 over all his debts and liabilities, and exclusive of such property as is exempt by law from levy and sale under execution, and that on petitioning for leave to the plaintiff to sue as a poor person, 11 days after the prior affidavit, he swore that he is not worth the sum of $100, excepting his wearing apparel and the subject-matter of the action herein. No explanation having been given as to this change in his circumstances during the 11 days, the motion for leave to the plaintiff to sue as a poor person should have been denied under the decision of Sumkow v. Sheinker (Sup.) 82 N. Y. Supp. 995. And, finally, it may be pointed out that the petition is fatally defective in not showing that the plaintiff is so situated that he will be unable to present his cause to the court unless the order is granted. For all that appears, the plaintiff may be entitled to an estate or fund amply sufficient to enable him to comply with the order requiring security for costs. Upon this point the rule laid down in Daus v. Nussberger, 25 App. Div. 185, 49 N. Y. Supp. 291, is applicable.

Upon the case as presented the order appealed from should be reversed, with costs and disbursements, and the motion for an order permitting the plaintiff to prosecute the action as a poor person denied, with $10 costs. All concur.