(52 Misc. Rep. 6.)

### In re CANNICE.

(Supreme Court, Special Term, Erie County.    December 1, 1906.)

1. COSTS—SUING AS POOR PERSON—ACTION IN REPRESENTATIVE CAPACITY.
      The right to sue as a poor person may be given one suing in a representative capacity as executor or administrator.
      [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 500.]

2. SAME—SHOWING GOOD CAUSE OF ACTION.
      To authorize an order allowing an administratrix to sue as a poor person for death of her intestate, relieved from payment of costs of a previous action for the same cause, dismissed for want of proof of freedom from contributory negligence, moving papers showing nothing as to what deceased was doing at the time of the accident, or as to what facts witnesses will testify to, but merely alleging that decedent's freedom from contributory negligence will be established by further examining witnesses sworn at the former trial and producing another witness who informs deponent that he saw the whole of the accident, and will swear to what deceased was doing and the manner by which he suffered the accident, are insufficient.

In the matter of the application of Iacuzza Cannice, as administratrix, for leave to sue as a poor person.

Motion on the part of plaintiff for leave to amend the order previously obtained by her to sue as a poor person on proof of the poverty of the estate. Motion on the part of the defendant to vacate the order previously made, on the ground that the court is without jurisdiction to grant the same, and upon the further ground that the court's discretion should not be exercised to grant it. Plaintiff's motion denied. Defendant's motion granted.

Horace O. Lanza, for plaintiff.

George P. Keating, for defendant.

POUND, J. Plaintiff was nonsuited in a prior action brought to recover for the same injuries against the same defendant, and judgment in favor of defendant was affirmed by the Appellate Division. The costs of said action and of said appeal remain unpaid. Plaintiff now asks leave to sue again on the same cause of action and as a poor person, and to be relieved from the payment of the costs of the former action. It was held by Bischoff, J., at Special Term in May, 1894, that the statute allowing a party to sue as a poor person relates only to personal actions, and, with the expressed exception in the case of an infant suing by guardian ad litem, provides no justification for extending its application to persons acting in a representative capacity. Bechtle v. Manhattan Railway Co. (Com. Pl.) 30 N. Y. Supp. 410. I do not find that this point has been passed upon except at Special Term. Orders authorizing an executor or administrator to sue as a poor person have been granted, and in the recent cases of Daus, Administratrix, etc., v. Nussberger, 25 App. Div. 185, 49 N. Y. Supp. 291, and Young, Administratrix, etc., v. Nassau Electric Railway Co., 34 App. Div. 126, 54 N. Y. Supp. 600, while the court denied the plaintiff the privilege, the reasons therefor were other than the fundamental reason that the court had no jurisdiction in any case to permit a person suing in a representative capacity to sue as a poor person. I fail to see any substantial reason for denying this privilege to an executor or administrator in a proper case. Injustice might result if it were held that the court had no jurisdiction to make the order in such cases. The statute should not be so strictly construed as to defeat its purpose.

The Code of Civil Procedure, § 461, provides that a person admitted to sue as a poor person shall not be prevented from prosecuting his action by reason of his being liable for costs in a former action brought by him against the same defendant, but the adverse result of a previous action may properly be considered on the merits of plaintiff's right so to sue. Young, Administratrix, etc., v. Nassau Electric Railway Co., 34 App. Div. 126, 54 N. Y. Supp. 600.

In this case it appears that the plaintiff failed in the previous action by reason of a total failure to prove what deceased was doing at the time of the accident which caused his death, which resulted in a failure to establish freedom from contributory negligence on his part. The affidavit of plaintiff's attorney submitted on this motion alleges that the deceased's freedom from contributory negligence will be established "by further examining the witnesses sworn at the former

trial, and by producing and swearing another witness whose name is Ciro Connito, who informs deponent that he saw the whole of said accident and stood by the deceased on the third floor at the same time of the accident and saw and will swear to what the deceased was doing and the manner by which he came to suffer the accident." The affidavit fails to state what facts these witnesses will testify to. It fails to state more than the conclusion of plaintiff's attorney that he will be able to establish deceased's freedom from contributory negligence upon the trial of the new action. The moving papers must set forth facts showing that the applicant has a good cause of action. Mere advice of counsel is insufficient for that purpose. The moving papers wholly fail to indicate what the deceased was doing at the time of the accident, and nothing is before the court, except the certificate of counsel to indicate that he was free from contributory negligence. This is insufficient. Weinstein, by Guardian, v. Frank, 56 App. Div. 275, 67 N. Y. Supp. 746. Plaintiff further fails to state any reason why her proofs were not made on the trial of the previous action. It is elementary that freedom from contributory negligence must be established as a part of plaintiff's affirmative case, and she should have been ready with such proof, if it existed, before bringing the case to trial.

In the case of Ingrosso v. Baltimore & Ohio R. Co., 105 App. Div. 494, 94 N. Y. Supp. 177, the court held that the provisions of section 779 of the Code requiring payment of costs before any proceeding can be had on the part of the party required to pay the same applies to the payment of costs in an action where another action is commenced between the same parties to recover upon the same cause of action. Plaintiff should not be relieved from this requirement unless she satisfactorily shows to the court that the failure of proof on the previous trial was due to no lack of diligence on her part, and produces affidavits of witnesses showing the existence of facts which will supply the failure in proof on the previous trial.

Plaintiff's motion is denied, and defendant's motion is granted, without costs to either party.