(169 App. Div. 419)

### PANKAWICUS v. NICHOLS COPPER CO.

(Supreme Court, Appellate Division, Second Department. October 15, 1915.)

1. Costs ⬤⟳133—Suit as Poor Person—Order.
   Under Code Civ. Proc. § 460, permitting the court to allow a prosecution as a poor person and to assign counsel without compensation, an order for leave to so sue was fatally defective, where it did not so assign counsel.
   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 511–515, 517; Dec. Dig. ⬤⟳133.]

2. Costs ⬤⟳132—Suit as Poor Person—Grounds of Right.
   While the fact that plaintiff's previous action for the same cause was dismissed, with costs against him, which remained unpaid, may be considered on his application, under Code Civ. Proc. § 460, for leave to prosecute as a poor person, upon the question whether he has a good cause of action, it is, under the express provision of section 461, no bar to a prosecution of the proposed action.
   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 504–513, 516; Dec. Dig. ⬤⟳132.]

Appeal from Special Term, Queens County.

Action by John Pankawicus against the Nichols Copper Company. From an order, as resettled, denying its motion to vacate and set aside an order permitting plaintiff to sue as a poor person, etc., defendant appeals. Reversed, and matter remitted, without prejudice to a renewal of the application.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

Frank L. Dolfini, of Winterton, for appellant.

H. G. McDowell, of New York City (James F. O'Neill, of New York City, on the brief), for respondent.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

JENKS, P. J.   [1] This order for leave to prosecute as a poor person is fatally defective, because it does not assign to that person an attorney and counsel to prosecute the action without compensation, in accord with the provisions of section 460 of the Code of Civil Procedure.   Rutkowsky v. Cohen, 74 App. Div. 415, 77 N. Y. Supp. 546; Sumkow v. Sheinker, 84 App. Div. 463, 82 N. Y. Supp. 995; Daus v. Nussberger, 25 App. Div. 185, 49 N. Y. Supp. 291.

[2] The fact that in his previous action for the same cause the plaintiff was dismissed, with costs against him, which costs are unpaid, is not a bar to a prosecution of his proposed action (section 461, Code of Civil Procedure); but such outcome of that action may properly be considered upon the essential question whether the petitioner has a good cause of action (section 460, Id.).   See Young v. Nassau Electric R. R. Co., 34 App. Div. 126, 54 N. Y. Supp. 600; Milliman on Costs, § 267.

The order of the County Court of Queens County is reversed, without costs, and matter remitted to the County Court, but without prejudice to a renewal of the application.   All concur.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

