STATE OF IOWA, Appellee, v. CHARLES SMITCH, Appellant.

**PENITENTIARIES:** Defined. "The Reformatory," at Anamosa, is a penitentiary, within the meaning of Section 4897-a, Code Supp., 1907,—now appearing, in an amended form, as Section 4897-a, Code Supp., 1913.

*Appeal from Jones District Court.*—F. O. ELLISON, Judge.

DECEMBER 14, 1918.

THE defendant, while serving a term in the penitentiary, is charged in the indictment with and was convicted for having escaped from custody when on a public road and railway, going from his work in a place owned by the state outside of the penitentiary enclosure. He appeals.— *Affirmed.*

*George C. Lawrence,* for appellant.

*H. M. Havner* and *B. E. Rhinehart,* for appellee.

LADD, J.—The accused was serving a term of less than life in The Reformatory, at Anamosa. While being conducted by one of the guards from the place where he was employed at the state stone quarry, to The Reformatory, upon a road or railway, about September 22, 1911, he escaped from the custody of said guard, and ran away. The court instructed the jury that, if they so found, he should be convicted. The contention of the appellant is that Chapter 147 of the Acts of the Twenty-ninth General Assembly did not denounce as a crime the escape of a convict from The Reformatory. That section provides that:

"If any person confined in a penitentiary for any less period than for life, breaks such prison and escape therefrom; or while employed on work for the state in places and buildings owned or leased by it outside of the penitentiary enclosures, or while on public roads or other ways going to or returning from such places of employment, escapes from custody, he shall be imprisoned in such penitentiary for a term not to exceed five years, to commence from and after the expiration of the original term of his imprisonment."

Prior to the enactment of Chapter 192 of the Acts of the Thirty-second General Assembly, in 1907, what is now known as "The Reformatory" was one of the penitentiaries of the state, and so denominated in the statutes. Section 1 of that chapter declares that:

"Hereafter the penitentiary at Anamosa shall be officially known and designated as 'The Reformatory,' and shall be the reformatory department of the state penitentiary of Iowa."

According to this, it continues a penitentiary, but is merely to bear the name "The Reformatory;" and, to avoid any misunderstanding as to its character, the legislature declared that it shall be a part of the penitentiary.—i. e., the reformatory department.

Section 5 provides for the retention in The Reformatory of certain persons committed to the penitentiary prior to July 4, 1907; and Section 6, for the transfer of convicts from the penitentiary at Fort Madison to said Reformatory. See Sections 5718-a4, 5718-a9, and 5718-a10 of the Code Supplement, 1913. It is manifest, from these statutes and others of this chapter, considered in connection with Section 5718-a4, quoted above, that the legislature changed the name of the penitentiary at Anamosa so as to distinguish it from that at Fort Madison, in the adoption of measures for the reformation and better discipline of prisoners,

and in so doing, did not render the institution at Anamosa other than a penitentiary. This is the more apparent from the meaning of the word "penitentiary." In *State v. Nolan,* 48 Kan. 723 (29 Pac. 568), the court declares that " 'penitentiary' is an English word in common use, signifying a prison or place of punishment, * * * and means the place of punishment in which convicts sentenced to confinement and hard labor are confined by authority of law." Such prisons are denominated penitentiaries in some states, and state prisons in others. *United States v. Smith,* 40 Fed. 755.

In *Cross v. State,* 132 Ind. 65 (31 N. E. 473), use of the word "penitentiary" instead of "state's prison," in a verdict, was held not to involve error.

In *Henderson v. People,* 165 Ill. 607 (46 N. E. 711), the statute differed from that now under consideration, the reformatory being expressly established for youths not over sixteen years; and the court held that, as the statutes of that state dealt with the institution as distinct and different from the penitentiary, "one sentenced to the reformatory could not have been said to have served in the penitentiary." See, also, *Beard v. City of Boston,* 151 Mass. 96 (23 N. E. 826).

For these reasons, we are content with the ruling of the trial court that "The Reformatory" at Anamosa was a penitentiary, within the meaning of Chapter 147 of the Acts of the Twenty-ninth General Assembly.—*Affirmed.*

PRESTON, C. J.; EVANS and SALINGER, JJ., concur.