MICHAEL PIZZA, as Executor, etc., of PIETRO PIZZA, Deceased, Plaintiff, *v.* CIRCLE COAL & COKE CO., INC., 46TH STREET TRUCKING CORPORATION and HAROLD BACHE, Defendants.

Supreme Court, Special Term, Kings County, December 5, 1938.

*Alvin Jay Feldman,* for the plaintiff.

*Morris Krumsky,* for the defendant Circle Coal & Coke Co., Inc.

*Philip Weiss,* for the defendant 46th Street Trucking Corporation.

CUFF, J.   Objection is made (1) that an executor is not included within the terms of section 198-a of the Civil Practice Act, (2) laches, (3) that plaintiff seeks to circumvent an application for a stay when a judgment is entered due to a dismissal of the complaint on March 5, 1937.   The first objection cannot be sustained.   The act does not except executors, and *Daus* v. *Nussberger* (25 App. Div. 185 [1st Dept.]), while denying an application, clearly indicated that it would have been granted on a different showing by the petitioner.   The argument that not only the estate but the next of kin, who would benefit by a judgment, must qualify as poor persons, must also be overruled.   This action is by the estate.   The financial condition of the next of kin can have no bearing; they could not maintain the action as individuals, consequently their status means nothing.   With respect to the charge of laches, I do not find that plaintiff was guilty of long delay.   But his reason for not moving is a persuading one.   He tried to raise the funds necessary to finance the suit to avoid the humility incidental to an application of this kind but after making efforts extending over a period he was unsuccessful.   The court fees charged for carrying a case through the Supreme Court of this county are heavy.   The court accepts the executor's explanation.   The charge that plaintiff seeks to defeat a judgment for costs that may be entered by reason of the dismissal of the complaint on March 5, 1937, cannot be sustained.   (See *Monteforte* v. *Ætna Life Ins. Co.,* 162 N. Y. Supp. 762.)

Motion granted.