DORES H. FONTHEIM, as Administratrix of the Estate of ALPHONSE FONTHEIM, Deceased, Appellant, *v.* THIRD AVENUE RAILWAY COMPANY, Respondent.

Submitted September 25, 1939; decided November 15, 1939.

*J. Preston Mottur* for motion.

*Addison B. Scoville* and *Alfred T. Davison* opposed.

LOUGHRAN, J. Plaintiff, as administratrix, brought this action under section 130 of the Decedent Estate Law (Cons. Laws, ch. 13), to recover damages for the death of her intestate. On her motion, Special Term struck from the defendant's answer a defense consisting of new matter as being insufficient in law on the face thereof. The Appellate Division reversed and denied the motion. Plaintiff has appealed to this court from the order of the Appellate Division by its permission and now asks our leave to prosecute the appeal as a poor person.

Section 199 of the Civil Practice Act defines "A poor person" as "a person who is not worth three hundred dollars in cash or available property besides the wearing apparel and furniture necessary for himself and his family, and the subject matter of the action or special proceeding." Section 196 provides: "A poor person whether an adult or infant not being of ability to sue who alleges that he has a cause of action against another person or the right to bring a special proceeding may, by order of the court, prosecute as a poor person and have an attorney assigned to conduct his action or proceeding. The attorney so assigned must act without compensation except that if a recovery is had the court may allow such attorney a reasonable sum for his services and taxable disbursements." Section 198 provides: "A defendant in an action or special proceeding involving his right, title or interest in or to real or personal property may petition the court in which the same is pending for leave to defend as a poor person and to have an attorney assigned to conduct his defense." Section 198-a provides: "Leave to prosecute or defend as a poor person may be granted at any stage of an action or special proceeding including any appeal therein, notwithstanding no leave was applied for or granted to prosecute or defend, as the case may be, prior to or at the commencement of such action or special proceeding." (See *Siegelbaum* v. *Dowling*, 279 N. Y. 22.)

The policy of this legislation has been the subject of some contrariety of opinion. COWEN, J., thought that the privilege to litigate entirely at the expense of others was a great exemption from the common lot of men. He agreed with Lord Bacon that the effect of the favor was that thereby the pauper became "rather able to vex than unable to sue" (*Moore* v. *Cooley*, 2 Hill, 412, 413.) On the other hand, the Commissioners to Revise the Statutes characterized the authorization of prosecutions by poor parties as a "humane provision of the law." (Throop's Code Civ. Proc. [1882] p. 198.) Of course, it is not for us to settle this difference of social viewpoint. The question for us is one of statutory construction.

The foregoing provisions of section 196 do not in terms embrace an executor or administrator. This omission, we think, is conclusive against the plaintiff's application. Cases plainly outside the letter of a statute are not by construction to be brought within it merely because they are within its reason and spirit. " Legislation is often tentative, beginning with the most obvious case, and not going beyond it, or to the full length of the principle upon which its act must be justified." (HOLMES, J., in *Beard* v. *City of Boston*, 151 Mass. 96, 97.) So, for example, the first of our statutes authorizing prosecutions by poor persons did not license a defendant to petition for leave to defend as a poor party, though it must have been plain that the principle of the legislation extended to the case of a poor man whose property rights were challenged. (Throop's Code Civ. Proc., *supra.*)

What this plaintiff asks can be done only by enunciating a general rule for similar and related cases where a fiduciary represents poor beneficiaries. (Cf. *Matter of Cannice*, 52 Misc. Rep. 6, annotated in 38 Civ. Proc. Rep. 235 *et seq.;* *Daus* v. *Nussberger*, 25 App. Div. 185; Decedent Estate Law, §§ 120, 130–133). We think this legislation is too inelastic to be stretched so far, however deserving the plaintiff's application may be. In our judgment, it is wiser to stand by the law as the Legislature wrote it. (Cf. *Beard* v. *City of Boston, supra.*)

The motion should be denied, without costs.

CRANE, Ch. J., HUBBS, FINCH and RIPPEY, JJ., concur; LEHMAN, J., dissents; O'BRIEN, J., taking no part.

Motion denied.