Max Weinstein, an Infant, by Samuel Weinstein, his Guardian ad Litem, Respondent, *v.* Moe Frank, Defendant, and Nicholas Schnepp, Appellant.

*Suit in* forma pauperis — *what must be shown to authorize it.*

In order to entitle a person to sue in *forma pauperis* it must appear that he is so situated that he will be unable to present his case to the court unless the permission is given. It is not sufficient to show that he does not own $100 of property. The moving papers must also set forth facts showing that the applicant has a good cause of action. Mere advice of counsel, although a certificate of counsel to that effect is required, is insufficient for that purpose.

Appeal by the defendant, Nicholas Schnepp, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of October, 1900, vacating an order which required the plaintiff to give security for costs, and granting leave to the plaintiff to sue as a poor person.

*William G. Wright,* for the appellant.

*Jacob Manheim,* for the respondent.

Per Curiam :

It does not seem that a proper case was made out for granting an order for leave to sue as a poor person. The granting of the order is discretionary, and is intended to permit persons to bring suit who would be without remedy if they were to be compelled to pay the ordinary disbursements of an action because on account of poverty they would be unable to meet the same. It is not every person who does not own $100 of property that is entitled to the order, but only those who otherwise would be unable to prosecute their action. If the rule which has obtained in the granting of the order to sue as a poor person in this action was followed, then every infant would be entitled, as a matter of right, to the order. In order to entitle the party to this order it must appear that the petitioner is so situated that he will be unable to present his cause to the court unless the order is granted. This is evident from the fact that the court is

required to assign an attorney and counsel to prosecute the action, who must act without compensation. The recovery of the infant cannot be charged with any of the expenses of the action or its prosecution. This provision seems to have been thought a safeguard against the prosecution of speculative claims under the shelter of these orders. In order to make this provision effective it should also be made to appear that the guardian of the infant or the poor person is fully aware of the condition of the order as to compensation, and that nothing is to be paid as compensation to attorney or counsel; that all such services are to be rendered gratuitously.

Furthermore, the papers upon which the order was granted are deficient in not showing to the court that the petitioner had a good cause of action. Mere advice of counsel, although a certificate of counsel to that effect is required, is entirely insufficient for that purpose. The court must, among other things, be satisfied that the applicant has a *good* cause of action. The court can only be satisfied of this fact when the applicant sets forth facts upon which it may base its satisfaction. The mere opinion of an attorney is no evidence upon which the court can arrive at a conclusion.

The order appealed from, so far as it allows the plaintiff to sue as a poor person, should be reversed, without costs, and the motion denied.

Present — VAN BRUNT, P. J., RUMSEY, PATTERSON, INGRAHAM and HATCH, JJ.

The order, so far as it allows plaintiff to sue as a poor person, reversed, without costs, and motion denied.