(65 App. Div. 79.)

### BERKMAN v. WOLF.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

COSTS—PERMISSION TO SUE AS POOR PERSON—INABILITY TO FURNISH SECURITY.
    A petition stating that petitioner was not worth $100, and that he would be unable to prosecute his action unless allowed to sue as a poor person, and further stating that, in case the petition is denied, he desires additional time in which to furnish security for costs, is not sufficient ground for vacation of an order requiring security for costs, because not showing that petitioner cannot furnish such security.

Appeal from special term, New York county.

Action by Galmiehl Berkman against Therese Wolf. From an order permitting plaintiff to sue as a poor person, and vacating an order requiring security for costs, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Ernest F. Eidlitz, for appellant.
Abram S. Jaffer, for respondent.

PATTERSON, J. This is an appeal from an order vacating an order requiring the infant plaintiff to file security for costs, and allowing him to continue as a poor person an action brought to recover damages for personal injuries. The summons and complaint were served on the 23d of April, 1901. On the 10th of May the defendant served upon the plaintiff's attorney an order requiring the filing of security for costs in the sum of $250. On the 3d of June the plaintiff procured an order to show cause why the order requiring security for costs should not be set aside, and the plaintiff allowed to continue the action in forma pauperis. That order to show cause was based upon a petition which, after setting forth the nature of the cause of action, stated that the petitioner was a poor person, and was not worth the sum of $100, besides the wearing apparel and furniture necessary for himself and family, and the subject-matter of this action, of which he is not in possession, and that he has no rich relatives or friends who have left money for him, in trust or otherwise, and that he has made diligent efforts to secure an undertaking, but has been unable to do so, and unless the motion be granted vacating the order requiring him to furnish security for costs, and permitting him to continue the action in forma pauperis, he will be unable to proceed with this action. This plaintiff was an infant over the age of 14 years, to wit, of the age of 15 years, and resides with his guardian ad litem in the city of New York. He also asks in his petition that an attorney be assigned him, and annexed to the petition is the certificate of an attorney, to the effect that in his opinion the plaintiff has a good and meritorious action

against the defendant, and agreeing to act for the plaintiff without compensation, and that no charge or claim for counsel fees will be made, except such as would be awarded by the court. In the petition it is also stated that the order to show cause was asked for because the petitioner desired 10 days' additional time to furnish an undertaking in the event of the motion being denied or dismissed. On the return of the order to show cause, the motion was heard and granted.

The order appealed from should not have been granted. The application comes within what was decided in Weinstein v. Frank, 56 App. Div. 275, 67 N. Y. Supp. 746, where we held that it was not sufficient to show that a person does not own $100 in property to enable him to sue in forma pauperis, but that he is so situated that he would be unable to present his case to the court unless permission so to sue were given. This petitioner does not show that he cannot furnish security for costs. He merely states that he will be unable to prosecute his action unless he is allowed to sue in forma pauperis, and yet at the same time he says that if his motion is denied "he desires ten days' additional time in which to furnish" security for costs.

The order appealed from should be reversed, with $10 costs and disbursements, and motion denied. All concur.