by which the tax was stricken from the roll as illegal must be deemed to have a binding force as against the respondent, if at all, only within this limit, and as made manifest by the undisputed fact of the legality of the tax, and of the illegality, in a general sense, of the manner of the assessment. And in this view it is quite apparent that it was within the province of the respondent to 'restore the tax in accordance with the requirements of section 3 of the act of 1877.

The learned counsel for the appellant have raised many technical points upon the argument which do not require detailed consideration. The tax being just and lawful, such irregularities, if any, as may have attended the attempts of the authorities to enforce the liability, furnish no compelling reason why a return of the money should be required. The order should be affirmed.

Order of the county court of Westchester county affirmed, with $10 costs and disbursements. All concur.

(68 App. Div. 94.)

KAUFMANN v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, First Department. January 24, 1902.)

Costs—Action in Forma Pauperis—Petition—Sufficiency.

A petition which only states that plaintiff has not the present means to prosecute the action, but does not state that she will be unable to get the requisite means or to prosecute her cause, unless an order is made permitting her to continue her case as a poor person, and which shows that she receives wages, but does not state the amount, or whether she is compelled to support herself, or whether her parents are able to support her, is not sufficient to authorize an order permitting her to continue her action as a poor person.

Appeal from special term, New York county.

Action by Annie Kaufmann, an infant, by Ferdinand Kaufmann, her guardian ad litem, against the Manhattan Railway Company. From an order permitting plaintiff to continue the action as a poor person, the defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Joseph H. Adams, for appellant.
George H. Epstein, for respondent.

PER CURIAM. This order must be reversed. In Weinstein v. Frank, 56 App. Div. 275, 67 N. Y. Supp. 746, we considered the general nature of such orders, and held that it was not every person not worth $100 who could sue in forma pauperis, but "only those who would otherwise be unable to prosecute their actions." This petitioner merely says that she has not now the means to prosecute the action, but she does not say she cannot get them, nor that she will be unable to present her cause unless the order should be granted. She receives wages, but what her earnings are, or whether she is compelled to support herself, does not appear, nor is it shown that her parents are not able to support her. Applications of this

character have become very frequent, and they amount in most cases to an abuse of the statute authorizing them. The discretion was not properly exercised in this case, and the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.