(88 App. Div. 475.)

WEMYSS v. ALLAN.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. COSTS—SUING AS POOR PERSON.
　　Where the father and guardian ad litem of a plaintiff averred in his petition for his appointment as guardian that he was worth $300 over his debts and liabilities, a subsequent petition to permit plaintiff to sue as a poor person was properly denied, where it failed to show in what respect his circumstances changed between his appointment and the time of the subsequent petition.

2. SAME—GOOD CAUSE OF ACTION.
　　An application for an order to sue as a poor person, which fails to show that the applicant has a good cause of action, is fatally defective.

Appeal from Special Term, New York County.

Action by James Wemyss, an infant, by Walter W. Wemyss, against Mary Allan. From an order denying a motion to vacate an

ex parte order allowing plaintiff to sue as a poor person and asking that plaintiff be required to give security for costs, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Wm. Arrowsmith, for appellant.

Charles Soble, for respondent.

O'BRIEN, J. The defendant moved for an order vacating an ex parte order obtained by the plaintiff allowing him to sue as a poor person, and asking that the plaintiff be required to furnish security for costs. In the petition of Walter W. Wemyss for his appointment as guardian ad litem he stated that he was the father of the infant, and worth the sum of $300 over his debts and liabilities. By a subsequent petition he avers that the infant has no rich relatives or friends from whom he could obtain pecuniary assistance or the necessary security for costs, and has no means whatever of prosecuting the action, and therefore asked to be allowed to sue as a poor person. Upon this second petition, supported by the affidavit of the attorney that the plaintiff informed him that he had made efforts and failed to obtain the necessary security, the court made an order allowing the plaintiff to sue as a poor person; and it is from an order made denying the defendant's motion to vacate such order that the defendant appeals.

There are two reasons why the order allowing the plaintiff to sue as a poor person should have been vacated. One is that it appears from the first petition that the guardian ad litem is the father of the infant plaintiff, and that therein he swore that he was worth the sum of $300, and there is nothing to show in what respect his circumstances changed between his appointment and the time when, upon the second petition, the plaintiff obtained leave to sue as a poor person. The other reason is that the plaintiff fails to show that he has a good cause of action against the defendant. The injuries for which damages are sought are alleged to have been caused by negligence; but there is nothing in the petitions from which it can be inferred that the defendant was in any way connected with the premises upon which the plaintiff was injured, either as owner, landlord, lessee, or otherwise. As said in Weinstein v. Frank, 56 App. Div. 275, 67 N. Y. Supp. 746: "The moving papers must also set forth facts showing that the applicant has a good cause of action."

The order should be reversed, with $10 costs and disbursements, and the motion to vacate the order permitting the plaintiff to sue as a poor person should be granted, with $10 costs, to abide the event, but with leave to the plaintiff to renew the application.

PATTERSON and McLAUGHLIN, JJ., concur. LAUGHLIN, J., concurs on last ground stated.

VAN BRUNT, P. J. I dissent so far as costs are made to abide event, and leave to renew is given.