(98 App. Div. 287)

## TRAVER v. JACKMAN.

(Supreme Court, Appellate Division, Second Department.   November 23, 1904.)

1. INFANTS—SECURITY FOR COSTS—STATUTES.
    It was proper to compel an infant plaintiff to give security for costs under Code Civ. Proc. § 3268, providing that defendant may require security for costs where the plaintiff is an infant, whose guardian ad litem has not given such security, where the motion was decided before the taking effect of Laws 1904, p. 1294, c. 524, repealing such section of the Code.
2. ACTION—SUING AS POOR PERSON—MOVING PAPERS—MERITORIOUS CAUSE OF ACTION.
    On a motion for leave to prosecute an action as a poor person the moving papers must show that plaintiff has a good cause of action.
3. SAME—CERTIFICATE OF ATTORNEY.
    On a motion for leave to prosecute an action as a poor person, a mere certificate of the opinion of plaintiff's attorney to the effect that plaintiff has a good cause of action is not a sufficient showing.
4. SAME—ATTORNEY'S AGREEMENT TO FOREGO COMPENSATION.
    On a motion for leave to prosecute an action as a poor person the moving papers must show an agreement on the part of the proposed attorney for plaintiff to conduct the action without compensation.

Appeal from Special Term, Kings County.

Action by Louis Traver, an infant, by Jennie Benson, his guardian ad litem, against Stephen E. Jackman.   From an order requiring plaintiff to give security for costs, and from an order denying a motion by plaintiff for leave to prosecute as a poor person, plaintiff appeals.   Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

William J. McArthur, for appellant.

WILLARD BARTLETT, J.   The defendant's motion to compel the infant plaintiff to give security for costs was properly granted under subdivision 5 of section 3268 of the Code of Civil Procedure, which was in force at the time when the motion was heard and decided, although

¶ 1. See Costs, vol. 13, Cent. Dig. § 454.

that subdivision has now been repealed by chapter 524, p. 1294, of the Laws of 1904, which took effect on September 1, 1904. The counter motion in behalf of the infant for leave to sue as a poor person, which was noticed subsequently to the defendant's motion, but came on for hearing at the same time, was properly denied. There were two fatal defects in the moving papers. It was essential to show that the infant had a good cause of action. Weinstein v. Frank, 56 App. Div. 275, 67 N. Y. Supp. 746; Wemyss v. Allan, 88 App. Div. 475, 85 N. Y. Supp. 91. This was not made to appear otherwise than by a mere certificate of the opinion of an attorney to that effect, and such a certificate was pronounced insufficient in the first of the cases above cited. A verified complaint, in which sufficient facts to make out a good cause of action were stated positively, and not upon information and belief, might take the place of an affidavit as evidence in an application of this kind that a sufficient cause of action existed in favor of the plaintiff, but the complaint in this case is unverified. The other defect in the motion papers is the absence of any agreement on the part of the proposed attorney to conduct the action without compensation. This has been held to be essential. Helmprecht v. Bowen, 87 Hun, 362, 34 N. Y. Supp. 1141. It follows that both the orders under review should be affirmed.

Orders affirmed, with $10 costs and disbursements. All concur.