## THE PRESIDENT.

(District Court, W. D. Washington, S. D. April 3, 1914.)

No. 1540.

Costs (§ 277*)—Right to Maintain Suit—Payment of Costs of Previous Action.

A libelant is not entitled to maintain a suit in rem in admiralty against a vessel without first paying the costs adjudged against him in an action at law previously brought by him on substantially the same cause of action against the claimant.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec. Dig. § 277.*]

In Admiralty. Suit by Frank Morgan against the steamship President; the Pacific Coast Steamship Company and the Pacific Coast Company, claimants. On motions by libelant for leave to prosecute

in forma pauperis, and by claimants for stay of suit until payment of costs of prior action. Libelant's motion denied, and claimant's motion granted.

Wedell Foss, of Tacoma, Wash., for libelant.
Farrell, Kane & Stratton, of Seattle, Wash., for respondent.

CUSHMAN, District Judge. Libelant asks leave to prosecute in forma pauperis his libel in rem, to recover general damages in the amount of $7,500, on account of personal injuries received upon the respondent's vessel, while engaged thereon as a stevedore to work under the captain of respondent, and caused by a block of marble being carelessly hoisted under the directions of the officers of the ship.

Claimants, Pacific Coast Company, the owner, and Pacific Coast Steamship Company, the lessee of respondent, oppose the application and, as a ground of opposition, set out that libelant is a resident of Oregon; that, heretofore in a common-law action brought by libelant in this court against the claimant Pacific Coast Steamship Company, on account of the same accident and injury, said cause resulted in a judgment of dismissal with costs to the claimant; that the Pacific Coast Steamship Company is the party in interest in both actions and the party who will have to bear the expenses, both for costs, and on account of any judgment recovered by the plaintiff.

Claimants not only ask that libelant be not allowed to proceed in "forma pauperis," but not at all until the costs of the former action have been paid and a cost bond given herein as security for future costs; the libelant not being a resident of this state.

It is not claimed that there is other, further, or different evidence available, or to be presented upon the present, than in the former trial, except that, whereas in the former suit, plaintiff's injury is alleged to have been caused by the faulty handling of certain winches on the ship—whereby a block of marble being hoisted was swung against libelant—in the present libel, there is the added allegation that the injury was caused, in part, by the swells from a passing vessel. In the former action, a verdict was directed by the court for the defendant, at the close of all the testimony.

Libelant cites the following authorities: 26 Cyc. 755B; Williams & Bruce, Admiralty Practice, 295, note F; Marsden, Collisions, etc., 70, 85, 81g; Workman v. Mayor, 179 U. S. 552, 21 Sup. Ct. 212, 45 L. Ed. 314.

Claimants rely upon the following authorities: Buckles v. Chicago, M. & St. P. Ry. Co. (C. C.) 47 Fed. 424; Kimble v. Western Union Tel. Co. (C. C.) 70 Fed. 888; Whittle v. St. Louis Ry. Co. (C. C.) 104 Fed. 286; Weinstein v. Schnepp, 56 App. Div. 275, 67 N. Y. Supp. 746; Wemyss v. Allan, 88 App. Div 475, 85 N. Y. Supp. 91; Traver v. Jackman, 98 App. Div. 287, 90 N. Y. Supp. 739.

Unless the present suit is essentially different from the former one, the motion herein made must be granted on well-established principles. Kimble v. Western Union Tel. Co. (C. C.) 70 Fed. 888; Id., 99 Fed. 892; Henderson v. Griffin, 5 Pet. 150, at pages 158 and 159,

8 L. Ed. 79; Buckles v. Chicago, M. & St. P. Ry. Co. (C. C.) 47 Fed. 424.

Enough has been stated to show the privity existing between the defendant in the former case and the respondent and claimants here. 23 Cyc. 1164f, 1208c, 1213c.

"The doctrine of estoppel by judgment does not rest upon any superior authority of the court rendering the judgment; and a judgment or decree of one court of competent jurisdiction may be pleaded in bar of an action in another court of coordinate or concurrent jurisdiction." 23 Cyc. 113B.

While the admiralty will, in a suit in rem, afford the libelant ample security for his asserted claim by the seizure of the vessel and the stipulations required for her release—remedies not granted by the common law—yet it is not necessary, on the present motion, to decide whether the court of admiralty and this court, sitting as a court of law, administering common-law remedies, are courts of concurrent jurisdiction in such sense that a judgment recovered in the latter will be res adjudicata in a proceeding like the present, for the rule requiring the payment of costs in a former suit for the same cause is based upon an equitable principle and it is the province of courts of admiralty to administer relief according to equitable principles. Equity requires the payment of the costs to which claimant has been put. Whittle v. St. Louis & S. F. Ry. Co. (C. C.) 104 Fed. 286. The defense of fellow servant, which the court held to be conclusively established upon the motion for an instructed verdict, is a defense in admiralty as at law. This was lately determined in this district by Judge Neterer in the case of The C. S. Holmes, 209 Fed. 970.

The same equitable principles control on the other grounds of the motion.

Claimants' motion is granted.