JOSEPH LABARBERA, Respondent, *v.* HART & CROUSE CO., INC., Appellant.

Fourth Department, June 15, 1936.

*Raymond F. Nichols,* for the appellant.

No brief for the respondent.

PER CURIAM. Under the common law the courts have no authority to permit a suitor to bring or carry on an action as a " poor person." Section 466 of the Code of Civil Procedure, re-enacted as section 558 of the Civil Practice Act, read as follows prior to September 1, 1935: " An order allowing a person to sue or defend as a poor person does not authorize the petitioner to take or maintain an appeal as a poor person; but where an appeal is taken by the adverse party, the order is applicable in favor of the petitioner as respondent in the appeal." The same section by amendment (Laws of 1935, chap. 722), effective September 1, 1935, now reads, in part, thus: "An order allowing a person to sue or defend as a poor person authorizes the petitioner to take or maintain an appeal as a poor person as well as respond to an appeal in any appellate court." Before the amendment, authority to appeal as a poor person was particularly interdicted. As the statute now reads, the leave with respect to appeals is conferred — but only after leave to bring the action originally as a poor person has been granted. The statute being in derogation of the common law must be strictly construed.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied.