**PEEK et al. v. BERRY et ux.**

No. 13539.

Court of Civil Appeals of Texas. Dallas.

April 28, 1944.

Rehearing Denied June 9, 1944.

Mayo W. Neyland, of Greenville, and Edwin M. Fulton, of Gilmer, for appellants.

Rollins, Clark & McWhirter, of Greenville, for appellees.

LOONEY, Justice.

The introductory facts as gleaned from appellants' petition are these: Prior to January, 1939, G. S. Berry and wife Ethel Berry, appellees herein, owned and operated a general mercantile business in the City of Greenville, Texas, and for about ten years prior to that date, Gilmer Peek, deceased, husband and father, respectively, of the appellants, worked for the Berrys in their business as general manager and bookkeeper, on a salary and commission basis, but about January 1, 1939, the relationship of the parties was changed, that is, they entered into an agreement by which Peek acquired a one-fourth interest in the business, which later was to be incorporated; one-fourth of its stock to be owned by Peek and the remainder to be owned equally by Berry and wife. Peek, being unable to pay cash for his one-fourth interest in the business, executed a contract, agreeing to pay for such interest the sum of $8,600 out of his share of whatever dividends and profits that might arise from the business, stipulating, however, against personal liability. Accordingly, in February, 1939, the business was duly chartered as Berry's, Inc., with an authorized capital stock of $24,000 divided into 24 shares of $1,000 each; six of these shares were issued to Peek and nine each to Berry and wife. Thereafter and until his death on July 31, 1939, Peek worked for the corporation at a salary of $150 per month. In February, 1940, after the death of Peek, the corporation was dissolved on articles of dissolution filed by Berry and wife with the Secretary of State. Peek died intestate; surviving were his wife and son, appellants herein.

On May 16, 1940, Mrs. Peek and son Houston (also in the name of Berry's, Inc.) instituted suit in the District Court of Hunt County (being No. 19,861 on the docket of the 62nd Judicial District) against Berry and wife, alleging among others the facts just stated, and, at great length, alleged that the dissolution of the corporation was based upon false showing made to the Secretary of State by Berry and wife; that same was illegal and void;

that appellees had been guilty of many fraudulent acts, converting and appropriating to their use and benefit the properties and assets of the corporation; excluded appellants from any participation in said business; denied that they owned any interest therein; had refused to pay several months' back salary due Gilmer Peek at the time of his death, all to their damage in the sum of $10,000, and asked for the appointment of a receiver and, on final hearing, for judgment against G. S. Berry for such an amount as the facts show they are entitled either as stockholders or creditors.

Appellees urged a number of special exceptions to appellants' petition; some were sustained and others overruled; and on June 24, 1940, appellants filed their first amended original petition, substantially the same as the original, to which appellees urged substantially the same exceptions, some being sustained while others were overruled; and prior to July 23, 1941, appellants filed their second, third, fourth and fifth amended original petitions with no material change in the allegations; to each of which, appellees urged substantially the same special exceptions and the action of the court in each instance was substantially the same. On December 16, 1941, the court sustained ten special exceptions to the fifth and last amendment, that effectually emasculated same, as its remaining allegations were wholly insufficient to state a cause of action. Appellants excepted, did not amend or appeal, and later, in December, 1941, the contest previously filed by appellees to appellants' affidavit of inability to secure or pay costs, coming on for hearing, was sustained by the court and appellants required to give security for cost, which they failed and refused to do; thereafter, on June 29, 1942, the court dismissed their suit; on July 24, 1942, overruled their motion to set aside the order of dismissal; to which appellants excepted, gave notice of but failed to perfect appeal, and abandoned the suit.

Thus matters stood until December 21, 1942, when appellants filed the instant suit, being cause No. 20,659, on the docket of the 62d Judicial District Court of Hunt County, the original petition being a replica of their fifth amended original petition filed in cause No. 19,861, to which special exceptions were sustained, and later, the suit dismissed and abandoned, as just stated.

In answer, among other things, appellees moved to dismiss the suit on several grounds (special exceptions), among others, that appellants should not be permitted to prosecute same without paying, or offering to pay, the costs created in the first; that the cause of action set up in cause No. 19,861 and in the second suit, cause No. 20,659, being between the same parties, and identical, having been adjudicated against appellants when the court sustained special exceptions to the fifth amended original petition in cause No. 19,861, the suit dismissed and later abandoned, appellants are barred from the further prosecution of the suit under the doctrine of res judicata; and further, that the cause of action as alleged, being based upon fraud and conversion, and breach of statutory duty, was barred by the two years' statute of limitation; for each of these reasons, appellees prayed that the suit be dismissed.

On November 27, 1943, the motion came on for hearing, the court had before it, and took cognizance of, the entire record, the pleadings and orders in cause No. 19,861, sustained the motion to dismiss, from which appellants perfected this appeal. In due time, the court filed findings and conclusions. The findings are in harmony with the facts heretofore stated in this opinion, and found further that, the accused and unpaid cost in cause No. 19,861 amounted to the sum of $487.75; that the facts revealed in the pleadings filed in the first suit show that appellants were cognizant of the facts upon which they based their cause of action, more than two years before the institution of the last suit. The court concluded in substance, that the litigation was vexatious and in contemptuous disregard of the orders of court; was barred by the two years' statute of limitation; that public policy and justice require an end to the litigation; that appellants had an opportunity to litigate their cause of action in cause No. 19,861, but refused to comply with the orders of court, that the doctrine of res judicata and estoppel apply and they should not be permitted to litigate again these matters, to the harassment and vexation of appellees.

At this juncture, mention is made of the fact that Hunt County is in both the 8th and 62d Judicial Districts; Art. 199, R.C.S., Vernon's Ann.Civ.St. art. 199, provides that, these courts shall have concurrent jurisdiction of all matters of which

jurisdiction is given district courts by the Constitution; also provides that the judge of either court may, in his discretion, in term time or vacation, transfer any case or cases upon his docket to the other district; it being the custom of these judges to transfer all pending cases, at the end of each term of court, to the docket of the other court, so that cases filed in the District Court of Hunt County pended half time in the 8th and the other half in the 62d District. This case was not an exception to the rule, and the order of dismissal appealed from was made by the Judge of the 8th District.

For the several reasons that will be mentioned, we have reached the conclusion that, the disposition made of the case by the court below was correct. The first suit, No. 19,861, having been dismissed because appellants failed to comply with the order of court regarding the payment of cost, we do not think they should be permitted to prosecute the instant suit against same parties and based upon same cause of action; the court's order cannot be thus lightly and contemptuously circumvented or evaded. We have not been cited to any case directly in point from the courts of this state, but the rule announced in the Federal Courts seems to be well established, that payment of cost in a former suit should be required before a second suit between same parties, based upon same cause of action, is permitted to proceed. See The President, D.C., 213 F. 121; Bankers Securities Corp. v. Ritz Carlton, etc., 3 Cir., 99 F.2d 51; also Weidenfeld v. Pacific Imp. Co., 2 Cir., 101 F.2d 699.

We are also of opinion that the doctrine of res judicata is applicable and controlling; the record discloses that the cause of action alleged in the second suit, between same parties and identically the same as alleged in the first, was adjudicated against appellants when the court sustained special exceptions to the fifth amended original petition, rendering it wholly insufficient, the suit later dismissed for failure to comply with the order regarding cost, and abandoned. In the interest of justice and to prevent vexatious litigation, the law forbids retrial between same parties or privies of a cause of action, or issues, theretofore finally adjudicated and disposed of. Cases in point are:

Jones v. City of Uvalde, Tex.Civ.App., 144 S.W.2d 932, writ refused, and Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 145 S. W.2d 569.

Appellants' alleged cause of action being based upon fraud, conversion and detention of personal property, of which, as disclosed by the record, they had knowledge more than two years before filing the last suit, was barred by the two year statute. Vernon's Ann.Civ.St. art. 5526. See 28 T.J. p. 130, Sec. 48 and the authorities cited in Footnote 4; also Quinn v. Press, 135 Tex. 60, 140 S.W.2d 438, 128 A.L.R. 757. Their cause of action being also based in part on allegations to the effect that appellees had breached their statutory duty as liquidating trustees of the dissolved Berry's, Inc., was also barred by the two year statute. See Shaw v. Bush, Tex.Civ.App., 61 S.W.2d 526, writ refused; Rose v. First State Bank, 122 Tex. 298, 59 S.W.2d 810, by the Commission, opinion adopted by the Supreme Court.

So, in harmony with these views, the assignments urged by appellants are overruled and the judgment of the court below is affirmed.

Affirmed.