James D. Hopkins, J.
An application has been made ex parte by the petitioner for an order directing that subpoenas for witnesses to be called by the petitioner in a pending habeas corpus proceeding be served by a Sheriff or other person designated by the court, and that the expense thereof be paid out of court funds of Sullivan County. The petitioner is an inmate of Matteawan State Hospital under an order of commitment of the Supreme Court, Sullivan County; the pending habeas corpus proceeding has been brought by the petitioner to end his restraint in the State institution.
The petitioner’s papers are not in proper form for the court to consider the merits. The allegations of the petition apparently are framed on the theory that the petitioner is a poor person entitled to the benefits of the statute because of his financial inability and present status (cf. Civ. Prac. Act, §§ 196-198, 198-a, 199, 1493; Rules Civ. Prac., rules 35-37). Before relief may be granted under the provisions of any of the statutes or rules, however, the petitioner must apply for leave to sue as *567 a poor person, and must state the facts required by law (Schechter v. Lichtenstein, 223 App. Div. 60). Those essential facts are defined by rule (Rules Civ. Prac., rule 35) ; in addition, the application must show that the petitioner has a meritorious ground for his proceeding (Weinstein v. Frank, 56 App. Div. 275; Traver v. Jackman, 98 App. Div. 287). The allegations of the present petition do not measure up to these criteria.
The petitioner, who is not an attorney, should be advised that in the event the application is granted, the benefits conferred cannot extend beyond the language of the statutes, for they are strictly construed as in derogation of the common law (La Barbera v. Hart & Crouse Co., 248 App. Div. 261; Robertson v. Schoonmaker, 249 App. Div. 657). Those benefits, in general, are that (1) an attorney may be assigned to prosecute the proceeding (Civ. Prac. Act, § 196), and, indeed, it has been held that an attorney must be so assigned (Pankawicus v. Nichols Copper Co., 169 App. Div. 419); (2) costs are not imposed, in the event that the proceeding is unsuccessful (Civ. Prac. Act, § 1493); (3) by order of the court, stenographic minutes may be furnished, and the cost thereof paid by the county in which the proceeding is tried (Civ. Prac. Act, § 1493); and (4) statutory fees are not chargeable by Clerks or Sheriffs (Civ. Prac. Act, § 1493).
It will be thus observed that the instant petition is defective (apart from the absence of the essential averments which the statutes demand) in that it seeks relief unauthorized by law. The application is therefore denied.