OPINION OF THE COURT
William J. Quinn, J.
The petitioner, North Country Legal Services, Inc., by order to show cause, is seeking an order declaring that all of the petitioner’s clients be entitled to proceed as poor persons. The petition has been opposed by the State of New York, by the Counties of Essex and Franklin and by one of the petitioner’s directors. *832 North Country Legal Services, Inc., encompasses the Counties of Essex, Clinton, Franklin, Hamilton and St. Lawrence; it is Federally funded to provide representation to indigents (US Code, tit 42, § 2996f, subd [a], par [2]) and includes salaries for attorneys and secretaries, and office expenses. It does not provide funds for court costs and fees. It is incorporated under the Not-For-Profit-Corporation Law, and is authorized under section 495 of the Judiciary Law to practice law on behalf of indigents in the above-named counties.
Petitioner argues first, that to require North Country Legal Services, Inc., to prepare an in forma pauperis motion pursuant to CPLR 1101 for each individual client who will incur court costs and related fees, and requiring the various courts to process the individual motions, would be placing an administrative burden on North Country Legal Services, Inc., and on the courts, on what is basically a pro forma adherence to CPLR 1101.
Petitioner argues secondly, that the relief requested is neither unusual nor extraordinary, since similar orders have been granted in the Counties of Chemung and Monroe, granting the relief requested here by this petitioner.
As a third argument for the relief requested, petitioner states that by finding a client indigent and therefore eligible for free legal representation pursuant to section 35 of the Judiciary Law, the court is relieved of its responsibility to appoint counsel for indigents.
North Country Legal Services, Inc., suggests that this court find that representation by the corporation is a prima facie showing of indigency and that therefore, in any case where North Country Legal Services, Inc., appears as attorney, court costs and fees are automatically waived for their client.
This court has reviewed all of the papers submitted herein by the various parties and finds as follows:
CPLR article 11 is entitled "Poor Persons.” It is a legislative creation, in derogation of the common law, and the statutes thereunder must be strictly construed. (La Barbera v Hart & Crouse Co., 248 App Div 261.) CPLR 1101 permits the motion for permission to proceed as a poor person; CPLR 1101 (subd [a]) allows a person to proceed on motion and affidavit, and reads in part as follows "the moving party shall file his affidavit setting forth the amount and sources of his income and listing his property with its value; that he is unable to pay the costs, fees and expenses necessary to prosecute or *833 defend the action or to maintain or respond to the appeal; the nature of the action; sufficient facts so that the merits of his contentions can be ascertained; and whether any other person is beneficially interested in any recovery sought and, if so, whether every such person is unable to pay such costs, fees and expenses.”
The allegations of the instant petition, seeking blanket relief as a poor person by reason of the attorney-client relationship of a person with North Country Legal Services, Inc., do not measure up to the mandatory criteria of the statute. The statute mandates a sworn financial statement in writing from the applicant, and a factual recital of merit from the applicant. Petitioner admits in its memorandum of law that persons seeking assistance from North Country Legal Services, Inc., are not required to make out an affidavit of eligibility, and in fact are essentially prohibited from doing so by Federal regulation. CPLR 1101 demands a sworn factual statement.
Respondents argue that since a person represented by North Country Legal Services, Inc., is never required to make out the required affidavit of his financial status, that representation by North Country Legal Services, Inc., cannot automatically qualify a person for in forma pauperis relief. Petitioner contends that such a view is overly restrictive, and asks the court to exercise its discretion and grant this extraordinary relief. This the court may not do, since the rules mandated by statute do not allow for such discretion. (Schechter v Lichtenstein, 223 App Div 60.) Further, the application must show that the petitioner has a meritorious ground for his proceeding. (People v McNeill, 219 NYS2d 118.) Petitioner contends that an affidavit of merit by petitioner’s attorney is sufficient, in that it is bound by the canons of ethics prohibition on nonmeritorious or frivolous proceedings. Be that as it may, it does not, in this court’s opinion, satisfy this statute.
As to the first argument advanced by petitioner, that of administrative convenience, this court believes that such relief properly must be sought from the Legislature, and not the court. CPLR article 11 is itself a creation of the Legislature and not of the common law, and this court would be exceeding its personal jurisdiction in extending the statute on the basis of administrative burden. Further, "The application for permission to prosecute as a poor person will only be granted after a careful consideration on the merits.” (Smith v Smith, 2 *834 NY2d 120, 124.) Adherence to CPLR 1101 cannot be pro forma.
Regarding the petitioner’s second argument (supra) it must be pointed out that the two allegedly similar petitions in Chemung and Monroe Counties were presented to the Honorable Justices without opposition thereon. It is discretionary with the Supreme Court, through its Justices, to grant the relief in a proper case under CPLR 1101. However, it is this court’s opinion that to allow such relief would be the delegation of a mandated judicial function to a nonjudicial body, usurping the judicial prerogative here and in the courts below. Again, it must be said that such relief may only be granted by the Legislature.
Petitioner’s third argument (supra) is that relief from appointing counsel is given the court, based upon a prima facie showing of indigency, by a person being a client of North Country Legal Services, Inc. Much of the answer to this argument has been covered above, in that it has been shown that petitioner has no reasonable, reliable means of determining its clients’ status as indigents. Petitioner has conceded this point in its memorandum, and therefore, is unable to show, prima facie, its ability to proceed en masse for its clients as "poor persons” under CPLR article 11.
Strict construction does not allow for tampering with the clear legislative policy contained in CPLR article 11. "Each application must be determined on its individual merits and the test to be applied is whether, upon the particular facts presented, the court determines that the individual neither possesses nor has available to him sufficient funds to maintain the court action, and that if relief is not granted pursuant to CPLR 1101, he will in effect be precluded from access to the courts.” (Lancer v Lancer, 70 Misc 2d 1045, 1049.) In the above-cited case, the court also stated (p 1047): "where the interests of justice so require, the relief to prosecute an action as a poor person should be granted; however, the court is not required to give pro forma approval to any relief which requires the expedition of public funds and adequate facts must be shown in the moving papers as required by CPLR 1101 prior to granting such relief.”
The relief sought by North Country Legal Services, Inc., is legislative, not judicial, and therefore, the petition herein must be denied in its entirety.