OPINION OF THE COURT
Arthur W. Lonschein, J.
The petitioner, Aaron Joseph, seeks leave to sue as a poor person pursuant to CPLR 1101. At present, petitioner is serving a sentence of 4 to 12 years in prison, having been convicted in this court of the crime of assault in the first degree in that he, with intent to disfigure his wife, threw a *725 bottle of acid in her face. The proposed defendant who petitioner seeks to sue is the lawyer who represented him at the trial.
The petitioner, as a matter of law, is a poor person. He owns no property and his sole income is derived from his earnings in prison of $3 a week. However, the fact that he is a poor person does not in and of itself entitle him to the relief that he seeks. Implicit in the statute as a prerequisite to the granting of such relief is a showing of merit. CPLR 1101 (a) requires that the affidavit seeking poor person relief must contain "sufficient facts so that the merit of his contentions can be ascertained.”
It is hardly unusual for a person convicted of a crime for which he is sentenced to a prison term of 4 to 12 years to be unhappy with his lawyer. But, in order to be afforded poor person relief, that is, to be exempted from purchasing an index number and other fees and costs, such a party must make a showing of merit. This the petitioner has failed to do. In his affidavit and in his proposed complaint, he voices his displeasure with his attorney only in general terms; that the lawyer "committed a tort” from May of 1990 to May of 1991 "said tort being the cause of action in the instant case” and that the lawyer "intentionally, deliberately and recklessly with malice aforethought” did "cause intentional injury, to wit: substantial pain and suffering, emotional distress, violation of civil rights” and "in so doing deprived plaintiff of his liberty”. The petitioner claims he was damaged by the aforesaid to the tune of $26,000,000. There are no particulars in that proposed complaint as to how the lawyer committed the acts charged against him and accordingly, I must find that the requirement of a showing of merit has not been met.
CPLR 1101 (a) requires a court to review such applications on their merits. Thus, a court must not rubber stamp them simply because they are made by poor persons. CPLR article 11 is entitled "Poor Persons”. It is a legislative creation, in derogation of the common law, and the statutes thereunder must be strictly construed. (LaBarbera v Hart & Crouse Co., 248 App Div 261; Matter of North Country Legal Servs., 94 Misc 2d 831.)
The application is denied.