OPINION OF THE COURT
Herbert Kramer, J.
Should the assignment of periodic lottery payments in exchange for a lump-sum payoff be judicially authorized on a *330 pro forma basis upon ex parte submissions? This court holds that in order to effectuate its legislatively mandated oversight function, a court cannot make this determination absent a full record and without input from all of the affected parties.
Two ex parte applications have been made by a finance company on behalf of and with the consent of two lottery winners seeking judicial approval for their agreement to assign to the would-be lender the periodic lottery payments due them in exchange for a substantially discounted lump-sum payoff.
A judicial order authorizing such assignments is required by statute and court rule. (Tax Law § 1613; 21 NYCRR 2803.11.) A judge’s signature is not a pro forma act, as it constitutes judicial approval of the underlying request. (See, e.g., New York State Ch. v New York State Thruway Auth., 88 NY2d 56, 69 [1996]; Matter of North Country Legal Servs., 94 Misc 2d 831 [Sup Ct 1978].) The role of the judge in this context is to insure that the agreement reached between the prize winner and the finance company is fundamentally fair. To thus qualify, the agreement must be an arm’s length agreement untainted by overreaching and be one that is entered into by the prize winner only after being fully apprised of what the discounted lump-sum payment will cost in dollar terms and in the loss of security in the future.
“Recent years have seen the growth of specialty finance or factoring companies, offering lump sum cash payments to injured parties, lottery winners and other claimants, in exchange for a portion, or all, of future annuity or settlement payments * * * [such] factoring companies [often operate in] a largely unregulated field and one which has come under much scrutiny * * * The [assignments] * * * [often] involve * * * large discounts imposed by factoring companies, aggressive advertising and other methods employed by some companies to induce unrepresented settlement recipients to make such transfers, the failure to properly disclose assignment terms, the possible adverse tax consequences for recipients and settlement companies, and the resulting loss of long-term financial security to recipients posed by the transfers.” (Carroll v XYZ Life Ins. Cos., NYLJ, Sept. 5, 2000, at 31, col 4 [Sup Ct, Kings County,,Dabiri, J.].)
Recently, and in response to some of these concerns, the Legislature enacted the “Structured Settlement Protection Act” (SSPA; General Obligations Law § 5-1701 et seq.). As a result of the concern that payees may become victims of predatory lenders and may dissipate their awards, would-be transferees *331 are obligated to commence a special proceeding for the purpose of seeking judicial approval of the transfer. (General Obligations Law §§ 5-1705, 5-1706.) “The heart of the SSPA’s protection lies in the courts’ independent discretionary determination [of] whether * * * ‘[T]he transfer is in the best interest of the payee, taking into account the welfare and support of the payee’s dependents; and whether the transaction, including the discount rate used to determine the gross advance amount and the fees and expenses used to determine the net advance amount, are fair and reasonable’ (General Obligations Law § 5-1706 [b] [emphasis added]).” (Matter of Settlement Funding of N.Y., 195 Misc 2d 721, 723 [Sup Ct, Rensselaer County 2003].) Indeed, pursuant to General Obligations Law § 5-1706 (c), “the payee must be advised in writing by the transferee to seek independent professional advice regarding the transfer and has either received such advice or knowingly waived such advice in writing.”
This court is of course well aware that the legislative standards set forth above refer to the assignment of structured settlements in personal injury cases. However, this court holds that the same concerns that obtain in that area obtain here.
The papers submitted with these ex parte applications, although procedurally compliant, are substantively deficient in that they provide no information about the discount percentages, fees, commissions and/or penalties, and, more importantly, no evidence is provided showing that these fees and rates have been explained to the prize winner and that the prize winner understands how much he or she is paying for the privilege of receiving the discounted sum. As significantly, the papers do not provide any information about the lender or how the lender solicited these prize winners so as to permit the court to make an independent determination with regard to possible overreaching.
Accordingly, this court denies these ex parte applications for said relief and directs that the applications be made by motion on notice to all affected parties for referral to a motion part where these issues may be fully explored.